**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer,* EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN | : : : : : : : : : | **CIVIL ACTION NO.** <br><br><br> **Removed from the Superior Court of New Jersey Law Division, Morris County** |
| *Plaintiffs* | : : | |
| v. | : : | |
| THOMSON REUTERS CORPORATION, THOMSON REUTERS HOLDINGS INC., THOMSON REUTERS CANADA LIMITED, THOMSON REUTERS APPLICATIONS INC., RICHARD ROES 1-10, *fictitious names of unknown individuals, and* ABC COMPANIES 1-10, *fictitious names of unknown entities*, | : : : : : : : : : | |
| *Defendants* | : : | |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C §§ 1332, 1441, and 1446, Defendants Thomson Reuters Corporation ("TRC") and Thomson Reuters Canada Limited ("TRCL") hereby give notice that the above-captioned action pending in the Superior Court of New Jersey, Law Division Morris County, is hereby removed to the United States District Court for the District of New Jersey. Although fraudulently joined, Defendants Thomson Reuters Holdings Inc., and Thomson Reuters Applications Inc. (the "Fraudulently Joined Defendants") also join and otherwise consent to the removal of this action to this Court. The specific grounds for removal to this Court are as follows.

## Background

1.      This case involves a collection of claims, asserted under Daniel's Law, N.J.S.A. 47:1A-1, *et seq*. and N.J.S.A. 56:8-166.1.  Daniel's Law provides important safety protections to judicial officers, law enforcement officers, prosecutors, and child protective investigators in New Jersey ("Covered Persons").  TRC, TRCL, and their subsidiaries, are complying with their obligations under this law, and will continue to do so.

2.      Plaintiff Atlas Data Privacy Corporation ("Atlas") is leveraging Daniel's Law not for the protection of Covered Persons, but for its own benefit.  Atlas has engineered a process by which it sends *thousands* of simultaneous requests to companies, demanding that recipients refrain from disclosing protected information.  Atlas sends these requests without consideration for recipients' established takedown procedures and without providing details that would allow recipients to determine the applicability of Daniel's Law.  Atlas' approach appears specifically designed to overwhelm recipients, such that they are unable to verify their legal obligations, if any, and comply within the brief statutory 10-day response period.  Atlas then immediately files a lawsuit, demanding millions of dollars in damages as well as reimbursement of attorneys' fees and punitive damages.

3.      Atlas, over the past few months, has deployed this tactic against over a hundred companies in separately filed cases.[1]  They now seek to do the same against TRC, TRCL, and the Fraudulently Joined Defendants.

4.      Between January 10, 2024, and January 18, 2024, Atlas sent over 12,000 emails to "privacy.issues@thomsonreuters.com."   Atlas alleges that these "@atlasmail.com" emails were

---

[1]     https://www.roi-nj.com/2024/02/23/law/data-privacy-company-files-more-than-130-lawsuits-against-data-brokers-for-breaking-daniels-law/

sent by "Covered Persons," under Daniel's Law, and requested the recipient refrain from disclosure of each Covered Person's home address and telephone number.

5.      On or about February 15, 2024, an action was commenced in the Superior Court of New Jersey Law Division, Morris County by Atlas, along with Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, William Sullivan, and two unnamed individuals (the "Individual Plaintiffs"), against TRC, TRCL, and the Fraudulently Joined Defendants, entitled *Atlas Data Privacy Corporation, et al. v. Thomson Reuters Corporation, et al.,* No. MRS-L-000320-24.

6.      The Plaintiffs allege that TRC, TRCL, and the Fraudulently Joined Defendants violated Daniel's Law by continuing to disclose certain information regarding Covered Persons, after receiving written notice under the statute.  Compl. ¶ 56.

7.      This case is properly removed to this Court under 28 U.S.C. § 1441 because TRC, TRCL, and the Fraudulently Joined Defendants have satisfied the procedural requirements for removal and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

## Jurisdiction

8.      This action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) and 28 U.S.C. § 1332.

## Venue

9.      Under 28 U.S.C. § 1441(a), the United States District Court for the District of New Jersey is the proper venue for removal because this suit was filed in the Superior Court of New Jersey, Law Division Morris County, which lies within the jurisdiction of the United States District Court for the District of New Jersey.

## **Procedural Compliance**

10.    On February 26, 2024, the Plaintiffs served the Complaint and Summons upon the registered agent for Thomson Reuters Applications, Inc. and Thomson Reuters Holdings Inc.  The Plaintiffs have not effectuated service upon either Thomson Reuters Corporation or Thomson Reuters Canada Limited.  Declaration of Heather O'Hagan, ¶¶ 4-5, dated March 26, 2024 ("O'Hagan Decl. __"), attached hereto as Exhibit B.

11.    Pursuant to 28 U.S.C. § 1446(b), this notice has been timely filed as it has been filed within 30 days after receipt of the copy of the Complaint by the Defendants.[2]

12.    No further proceedings have been held in this action.

13.    No previous application has been made for the relief requested herein.

14.    Removal to this Court is proper because it is "the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Therefore, this action is properly removed to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 118(a).

15.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders naming Moving Defendants (including the Complaint) are attached hereto collectively as Exhibit A.

16.    All defendants have consented to the removal of this action to federal court.  While the consent of fraudulently joined parties is not required, *see Balazik v. Cnty. Of Dauphin*, 44 F.3d

---

[2]    The Defendants are filing their removal papers within thirty days of service upon Thomson Reuters Applications Inc., and Thomson Reuters Holdings Inc., the first, and only served defendants, in this matter. Removal at a later time would also have been permissible as the Federal Courts Jurisdiction and Venue Clarification Act of 2011, PL 112-63, Dec. 7, 2011, 125 Stat 748, provides that any defendant can seek removal within thirty days of being served, regardless of whether there were earlier-served defendants.  *See Delalla v. Hanover Ins*., 660 F.3d 180,182 (3d Cir. 2011) adopting the "later-served rule that would be embodied in the Jurisdiction and Venue Clarification Act).

4

209, 213, n.4 (3d Cir. 1995), the Fraudulently Joined Defendants are represented by the undersigned counsel and join in this removal of this case, and otherwise consent to remove without waiving or compromising any defense in this case.

## Grounds for Removal

17. Removal is proper because this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

18. The district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest or cost, and is between citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a)(2).

### A. There is Complete Diversity of Citizenship Between the Plaintiffs and Defendants in this Case

19. Upon information and belief, Plaintiff Atlas Data Privacy Corporation is now, and was at the time this action was commenced, a citizen of Delaware and New Jersey. Atlas is a Delaware corporation, with its principal place of business in New Jersey. Compl. ¶ 25.

20. Upon information and belief, each of the Individual Plaintiffs are now, and were at the time this action was commenced, citizens of the State of New Jersey. Compl. ¶¶ 15-24.

21. Defendant TRC is now, and was at the time this action was commenced, a citizen of Canada. O'Hagan Decl. ¶ 6.

22. Defendant TRCL is now, and was at the time this action was commenced, a citizen of Canada. Decl. O'Hagan Decl. ¶ 8.

23. Fraudulently Joined Defendant Thomson Reuters Holdings, Inc., is now, and was at the time this action was commenced, a citizen of Delaware and New York. O'Hagan Decl. ¶ 7.

24.     Fraudulently Joined Defendant Thomson Reuters Applications, Inc., is now, and was at the time this action was commenced, a citizen of Delaware and Minnesota.  O'Hagan Decl. ¶ 9.

25.     The remaining defendants are fictitious entities.   For purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded.  28 U.S.C. § 1441(b)(1).

      **i.      Thomson Reuters Holdings, Inc. and Thomson Reuters Applications, Inc. Were Fraudulently Joined**

26.     Because the "right of removal cannot be defeated by a fraudulent joinder of a resident defendant," a district court may disregard the citizenship of any fraudulently joined defendant when assessing the propriety of removal premised on diversity jurisdiction." *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 624 F. Supp. 2d 396, 411 (E.D. Pa. 2009).

27.     The Third Circuit has recognized two circumstances where fraudulent joinder may be established. First, fraudulent joinder may be established where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant. Second, fraudulent joinder may also be established where there is no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.  *Kozam v. Am. Sec. Ins. Co.*, No. CV 09-3316 (JAG), 2010 WL 11570118, at *2 (D.N.J. Mar. 4, 2010) (citing *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990)).

28.     Thomson Reuters Holdings Inc. and Thomson Reuters Applications, Inc. were each fraudulently joined here because there is no reasonable basis in fact or colorable ground supporting a claim under N.J.S.A. 47:1A-1, *et seq.* and N.J.S.A. 56:8-166.1, against these defendants.

29.     Daniel's Law states that "[a]n authorized person seeking to prohibit the disclosure of the home address or unpublished home telephone number of any covered person consistent with paragraph (1) of this subsection shall <u>provide written notice to the person from whom the</u>

authorized person is seeking non-disclosure. . . ."  N.J. Stat. Ann. § 56:8-166.1(a)(2) (emphasis added).

30.    "Upon notification pursuant to paragraph (2) of this subsection, and not later than 10 business days following receipt thereof, a person, business, or association shall not disclose or re-disclose on the Internet or otherwise make available, the home address or unpublished home telephone number of any covered person. . . ," N.J. Stat. Ann. § 56:8-166.1(a)(1) (emphasis added).

31.    The statute further provides that only "a person, business, or association that violates subsection a. of this section shall be liable . . . ." N.J. Stat. Ann. § 56:8-166.1(b).

32.    The language of the statute is clear – a defendant may only assert a claim against the specific person, business, or association that has (1) received written notice of a demand of non-disclosure and (2) then subsequently disclosed protected information.

33.    The Complaint does not adequately plead a reasonable basis in fact or colorable ground supporting a claim against Thomson Reuters Holdings, Inc. or Thomson Reuters Applications, Inc. because the Complaint fails to adequately plead that these Fraudulently Joined Defendants either received written notice or subsequently disclosed protected information.[3]

          a)    ***The Fraudulently Joined Defendants Did Not Receive Written Notice***

34.    The Complaint alleges that 19,600 "Covered Persons," for whom Atlas purports to be asserting claims, provided "a written notice" requesting that their home address and telephone number not be disclosed.  Compl. ¶ 28.  The Complaint further identifies a single email address where these written notices were sent: "privacy.issues@thomsonreuters.com.  *See* Compl. ¶ 55.

---

[3]    TRC and TRCL not concede that the Complaint has adequately pleaded a claim against either entity, nor do any of the Defendants waive any applicable defenses.

35.     The Complaint alleges that as to each Covered Person, a single written notice was sent to this single email address.  *See* Compl. ¶¶ 28, 55.  Consequently, under the statute, the only person, business, or association, against which a claim could be asserted, would be the person, business, or association that was sent written notice via "privacy.issues@thomsonreuters.com.

36.     The email address "privacy.issues@thomsonreuters.com" is not owned by or registered to Thomson Reuters Holdings, Inc. or Thomson Reuters Applications, Inc.  O'Hagan Decl. ¶ 13.

37.     Therefore, the Plaintiffs have not alleged they sent either Thomson Reuters Holdings, Inc. or Thomson Reuters Applications, Inc. a written request to refrain from disclosing or re-disclosing on the Internet or otherwise making available the home addresses or unpublished home telephone numbers of covered persons, as defined by N.J.S.A. 47:1A-1, *et seq.* and N.J.S.A. 56:8-166.1.

### b)      *The Fraudulently Joined Defendants Did Not Disclose Protected Information*

38.     The Complaint alleges that the Defendants "offer and engage in the disclosure of data and information" through "thomsonreuters.com." Compl. ¶ 42.  This is the only website or application identified in the Compliant where protective information was allegedly disclosed, following written notice from the Covered Persons.

39.     Consequently, to be liable under the statute, a defendant would have to have disclosed protected information on "thomsonreuters.com."

40.     The website "thomsonreuters.com" is not owned by or registered to the Fraudulently Joined Defendants.  O'Hagan Decl. ¶ 11. Neither of the Fraudulently Joined Defendants could have violated N.J.S.A. 47:1A-1, *et seq.* and N.J.S.A. 56:8-166.1 by disclosing information on a website they neither owned nor controlled.

41.    For this separate reason, the Complaint fails to adequately plead a reasonable basis in fact or colorable ground supporting a claim against the Fraudulently Joined Defendants.

42.    The citizenship of these Fraudulently Joined Defendants should be disregarded by the district court when determining whether it has subject matter jurisdiction.

43.    There is complete diversity between the Plaintiffs and Defendants TRC and TRCL.

ii.    **Thomson Reuters Holdings, Inc. and Thomson Reuters Applications, Inc. Are, At Most, Nominal Parties With No Actual Interest in the Litigation.**

44.    "A federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Twp. of Neptune v. Garden State Mun. Joint Ins. Fund*, 2019 WL 4687004, at *2 (D.N.J. Sept. 26, 2019) (citing *Narraro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). Generally, a party "named to satisfy state pleading rules, . . . joined only as designated performer of a ministerial act, ... or [who] otherwise ha[s] no control of, impact on, or stake in the controversy" is likely to be a nominal party. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 92 (2005); *see also Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991) ("Nominal parties are generally those without a real interest in the litigation."). Likewise, a nominal party will be unconnected to the wrongdoing alleged in the complaint. *Michaels v. New Jersey*, 955 F. Supp. 315, 320 (D.N.J. 1996).

45.    As alleged in the complaint, protected information was disclosed on "thomsonreuters.com."   This website is not registered to or owned by either Thomson Reuters Holdings, Inc. or Thomson Reuters Applications, Inc.  O'Hagan Decl. ¶ 13.  The pleadings consequently do not allege that these specific entities had any "control of, or impact on, or stake in" the controversy.

46.     Thomson Reuters Holdings, Inc., and Thomson Reuters Applications, Inc., are not real parties to this controversy, and therefore the Court should disregard them for purposes of evaluating subject matter jurisdiction.

47.     There is complete diversity between the Plaintiffs and the remaining Defendants TRC, and TRCL.

**B.      The Amount-In-Controversy Requirement is Satisfied**

48.     Under 28 U.S.C. § 1446(c)(2)(A)(ii), a defendant may assert the amount in controversy in its notice of removal if removing from a jurisdiction where "[s]tate practice either does not permit a demand for a specific sum or permits recovery of damages in excess of the amount demanded."  Removal of a lawsuit is proper upon the defendants' assertion of the amount in controversy if the district court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000 exclusive of interest and costs. *See* 28 U.S.C. § 1446(c)(2)(B); *see also Frederico v. Home Depot*, 507 F3d. 188, 197 (3d. Cir. 2007).

49.     Atlas has alleged that it is seeking to recover damages as assignee of approximately 19,600 individual "Covered Persons" as assignee under the statute.  Compl. ¶¶ 26, 28.  Atlas asks for "actual damages," no less than $1,000, corresponding to each Covered Person it claims assigned its rights to Atlas.  Compl. ¶ 64.B.  Aggregating the damages alleged corresponding to each of the 19,600 asserted covered persons, results in damages of over $19,600,000.  The amount in controversy therefore exceeds $75,000.

50.     Further, Atlas seeks an additional, unspecified amount in punitive damages, to be determined by the Court, for "willful noncompliance" as allowed under the statute.  Compl. ¶ 64.C.  The Third Circuit has held that "if appropriately made . . . a request for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." *Swift v. Pandey*,

No. CIV.A. 13-649 JLL, 2014 WL 1366436, at *3 (D.N.J. Apr. 7, 2014) (citing *Golden ex rel. Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004).[4]

    51.    The jurisdictional amount is therefore easily satisfied when considering the total compensatory damages sought as well as the request for punitive damages.

    WHEREFORE, Thomson Reuters Corporation and Thomson Reuters Canada Limited, joined by Fraudulently Joined Defendants Thomson Reuters Holdings Inc., and Thomson Reuters Applications Inc., pray that this action be removed to the United States District Court of the District of New Jersey

Dated: March 27, 2024                    Respectfully submitted,

                                                BALLARD SPAHR, LLP

                                                  */s/ Marcel S. Pratt*
                                                  Marcel S. Pratt
                                                John W. Scott (*pro hac vice pending*)
                                                1735 Market Street, Fl. 51
                                                  Philadelphia, PA 19103-7599
                                                  215.864.8635
                                                  prattm@ballardspahr.com
                                                  scottj@ballardspahr.com

                                                *Attorneys for Defendants Thomson Reuters Corporation, Thomson Reuters Holdings Inc., Thomson Reuters Canada Limited, and Thomson Reuters Applications Inc.*

---

[4]    The Defendants do not concede that the Plaintiffs have adequately pleaded their entitlement to punitive damages in this case.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have today caused to be served via United States first class mail, postage pre-paid, and electronic mail, a true and correct copy of the foregoing Notice of Removal on the following:

Rajiv D. Parikh (032462005)
Kathleen Barnett Einhorn (040161992)
GENOVA BURNS LLC
494 Broad Street
Newark, New Jersey 07102
Tel.: (973) 533-0777
rparikh@genovaburns.com
keinhorn@genovaburns.com

John A. Yanchunis
MORGAN & MORGAN
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tel.: (813) 223-5505
jyanchunis@forthepeople.com

Dated:  March 27, 2024

*/s/ John W. Scott*
John W. Scott