Marcel S. Pratt
Michael Berry
John W. Scott
Jordan Meyer
Ballard Spahr LLP
1735 Market Street, Fl. 51
Philadelphia, PA 19103-7599
215.864.8500
prattm@ballardspahr.com
berrym@ballardspahr.com
scottj@ballardspahr.com
meyerjl@ballardspahr.com

*Attorneys for Defendants Thomson Reuters Corporation, Thomson Reuters Holdings Inc., Thomson Reuters Canada Limited, and Thomson Reuters Applications Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | : **CIVIL ACTION** <br> : <br> : **NO. 1:24-CV-04269** |
| *Plaintiffs* | : <br> : |
| v. | : <br> : |
| THOMSON REUTERS CORPORATION, et al., | : <br> : <br> : |
| *Defendants* | : |

**SUPPLEMENTAL REPLY BRIEF OF THE THOMSON REUTERS DEFENDANTS IN SUPPORT OF DEFENDANTS' CONSOLIDATED MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

ARGUMENT IN REPLY ....................................................................................1

# **TABLE OF AUTHORITIES**

**Cases**            **Page(s)**

*Barr v. Am. Ass'n of Pol. Consultants, Inc.*,
    591 U.S. 610 (2020) ..................................................................................................... 5

*Bisbee v. John C. Conover Agency, Inc.*,
    452 A.2d 689 (N.J. Super. Ct. App. Div. 1982) ........................................................ 3

*Counterman v. Colorado*,
    600 U.S. 66 (2023) .................................................................................................. 1, 2

*G.D. v. Kenny*,
    15 A.3d 300 (N.J. 2011) ............................................................................................. 4

*Kline v. Security Guards, Inc.*,
    159 F. Supp. 2d 848 (E.D. Pa. 2001) ........................................................................ 2

*McGrath v. Credit Lenders Serv. Agency, Inc.*,
    2022 WL 580566 (E.D. Pa. Feb. 25, 2022) ............................................................... 5

*Mollett v. Netflix, Inc.*,
    2012 WL 3731542 (N.D. Cal. Aug. 17, 2012) ......................................................... 4

*Rodgers v. Christie*,
    795 F. App'x 878 (3d Cir. 2020) ............................................................................... 2

*Time, Inc. v. Hill*,
    385 U.S. 374 (1967) ................................................................................................... 2

*United States v. Green Drugs*,
    905 F.2d 694 (3d Cir. 1990) ...................................................................................... 2

*Zacchini v. Scripps-Howard Broadcasting Co.*,
    433 U.S. 562 (1977) ................................................................................................... 3

**Statutes**

15 U.S.C. § 1681n ............................................................................................................. 5

15 U.S.C. § 1681o ............................................................................................................. 5

18 U.S.C. § 2710 ............................................................................................................... 4

42 U.S.C. § 1320d-5 .................................................................................................5

Ill. Comp. Stat. 14/20 ...............................................................................................5

N.J. Stat. Ann. § 56:8-166.3 .....................................................................................4

**Other Authorities**

Restatement (Second) of Torts § 652B (1977) ........................................................4

Restatement (Second) of Torts § 652C (1977) ........................................................3

U.S. Const. amend. I .......................................................................................*passim*

The Thomson Reuters Defendants join in the Consolidated Reply Brief in full. They write separately to address the unconstitutionality of Daniel's Law's imposition of mandatory civil penalties on a strict liability basis.

In their opposition briefs, Plaintiffs and the Attorney General argue first that Daniel's Law does not impose strict liability because it requires a defendant to have "good reason to know about the request." AG Br. at 47; Pls.' Br. at 33 (arguing that Law requires "actual or constructive knowledge of their duties to the Covered Person"). The Attorney General then argues the absence of a *mens rea* requirement "would not be fatal." AG Br. at 47. Both arguments miss the mark.

First, the claim that Daniel's Law requires "good reason to know about the request" is plainly insufficient under the First Amendment. That requirement is not actually in the statute, and whatever requirement implicitly exists provides no more protection than the negligence *per se* standard rejected by the Supreme Court as constitutionally deficient in *Florida Star*. TR Br. at 6-8. The only response offered by Plaintiffs and the Attorney General is that a publisher "will not be liable" if the request is made by someone who is not a covered person. Pls.' Br. at 37; *accord* AG Br. at 44. This response misunderstands the fundamental First Amendment principle at stake. A publisher who receives a take-down notice will "steer wide of the unlawful zone," *Counterman v. Colorado*, 600 U.S. 66, 77-78 (2023) (cleaned up), removing information in response to every notice, regardless

of whether a covered person submitted it, to avoid potential liability.  By the time a lawsuit is filed, it is too late – speech already has been chilled.  That is precisely what the "culpable mental state" requirement seeks to avoid.  *Id.* at 75-78.

Second, while arguing that a strict liability regime is not fatal under the First Amendment, neither Plaintiffs nor the Attorney General cite a single case holding that a defendant's speech can be sanctioned without requiring some degree of fault.  The only cases cited on the issue do not involve liability for speech, let alone the First Amendment.  *See* AG Br. at 47.  In *United States v. Green Drugs*, the court addressed penalties imposed on a pharmacy for violating recordkeeping provisions of the Comprehensive Drug Abuse Prevention and Control Act – a context with no relevance here.  905 F.2d 694, 694 (3d Cir. 1990).  Reliance on *Kline v. Security Guards, Inc.* is also misplaced.  159 F. Supp. 2d 848 (E.D. Pa. 2001).  There, the court held that Pennsylvania's wiretap law cannot impose strict liability for the electronic surveillance of oral communications.  *Id.* at 853 (explaining strict liability "would lead to untenable conclusions" since wiretaps are "necessary under certain circumstances," including in "ordinary course" of legitimate businesses).

The Supreme Court has repeatedly held that liability for speech can only be imposed upon "a showing of a culpable mental state."  TR Br. at 5-7 (citing cases); *see also Time, Inc. v. Hill*, 385 U.S. 374, 387-88 (1967) (applying actual malice standard) (cited in Pls.' Br. at 16); *Rodgers v. Christie*, 795 F. App'x 878, 880 (3d

2

Cir. 2020) (explaining that strict liability for the distribution of information and ideas "would raise serious First Amendment concerns").

The privacy torts cited by Plaintiffs and the Attorney General provide the quintessential examples of this important principle, as each requires a culpable mental state tied to the harm the tort seeks to prevent. The misappropriation tort requires a showing that the defendant used the plaintiff's name or likeness "for the purpose of appropriating to the defendant's benefit the commercial or other values associated with the name or the likeness." Restatement (Second) of Torts § 652C cmt. d (1977); *accord Bisbee v. John C. Conover Agency, Inc.*, 452 A.2d 689, 693 (N.J. Super. Ct. App. Div. 1982) ("mere publicity is not actionable; it must be shown that defendant acted with a commercial purpose or otherwise sought some benefit from revealing information about plaintiffs"). Indeed, in *Zacchini v. Scripps-Howard Broadcasting Co.*, the Supreme Court held that a performer's misappropriation claim did not "represent a species of liability without fault" because the defendant "knew that [the performer] objected to televising his act, but nevertheless displayed the entire" act on television, thereby appropriating the act's value for itself. 433 U.S. 562, 578-79 (1977). Similarly, the publication-of-private-facts tort requires that the defendant act at least negligently, as the published information must be "highly offensive to a reasonable person." *E.g.*,

3

*G.D. v. Kenny*, 15 A.3d 300, 320 (N.J. 2011) (explaining plaintiff must have had a "reasonable expectation of privacy" in the published information).[1]

Unlike these torts, which permit publication of accurate information *except* where specific state-of-mind requirements are met, Daniel's Law contains no *mens rea* requirement, let alone a requirement tied to the harm it seeks to prevent – threats to the safety of covered persons. N.J. Stat. Ann. § 56:8-166.3. Under the Law, it makes no difference whether the defendant has a way to confirm a person is covered, the government makes the information publicly available, or the disclosure might reasonably pose a threat. Although the opposition briefs suggest the government can serve the statutory purpose by granting individuals a property or privacy right in true information about themselves, the privacy torts they cite demonstrate this type of right – unbounded by a *mens rea* requirement – is inconsistent with the First Amendment.

This point is underscored by the disclosure statutes they cite. For example:

- The Video Privacy Protection Act (VPPA), *see* Pls.' Br. at 27; AG Br. at 32, penalizes videotape service providers for "knowingly" disclosing "personally identifiable information." 18 U.S.C. § 2710; *see also Mollett v. Netflix, Inc.*, 2012 WL 3731542, at *4 (N.D. Cal. Aug. 17, 2012) ("Neither the VPPA nor [a similar California statute] is a strict liability statute"), *aff'd*, 795 F.3d 1062 (9th Cir. 2015).

---

[1] The intrusion tort – which does not involve any speech – requires that the defendant "intentionally intrude" into another's private affairs and that "the intrusion would be highly offensive to a reasonable person." Restatement (Second) of Torts § 652B (1977).

4

- The Fair Credit Reporting Act (FCRA), *see* Pls.' Br. at 27, requires at least a negligent violation. *See* 15 U.S.C. §§ 1681n, 1681o (assessing civil penalties for willful and negligent noncompliance); *McGrath v. Credit Lenders Serv. Agency, Inc.*, 2022 WL 580566, at *9 (E.D. Pa. Feb. 25, 2022) ("FCRA is not a strict liability statute").

- The Health Information Portability and Accountability Act (HIPAA), *see* Pls.' Br. at 26, only allows civil penalties if a violation was the result of "willful neglect" or a violation was not corrected after an entity knew or should have known that a violation occurred. *See* 42 U.S.C. § 1320d-5(a)(1)(c), (b)(2)(A); and

- The Illinois Biometric Information Privacy Act, *see* Pls.' Br. at 27, only allows monetary damages if a private entity violates the law negligently, recklessly, or intentionally. *See* 740 Ill. Comp. Stat. 14/20(1)-(2).[2]

Daniel's Law imposes liability without fault, running afoul of the First Amendment. It is therefore facially unconstitutional on this additional ground.

Dated: September 13, 2024                    BALLARD SPAHR LLP

                                                 */s/ Michael Berry*
                                                 Marcel S. Pratt
                                                 Michael Berry
                                                 John W. Scott
                                                 Jordan Meyer
                                                 1735 Market Street, Fl. 51

---

[2] The oppositions also cite the Telephone Consumer Privacy Act (TCPA), *see* Pls.' Br. at 26-27; AG Br. at 33, which, like the other statutes they cite, has little in common with Daniel's Law. *See* Consolidated Reply at 22 n.7. The TCPA regulates speech based on the manner in which it is conveyed. *See Barr v. Am. Ass'n of Pol. Consultants, Inc.*, 591 U.S. 610, 636 (2020) (striking down content-based exception to robocall restriction) (cited in Pls.' Br. at 26-27, AG Br. at 33). An entity can only be held liable under the TCPA if it conveys its message using specific means or methods. Unlike Daniel's Law, the TCPA does not foreclose other avenues for conveying the same information, including sending mailers, hanging flyers, or posting online.

        Philadelphia, PA 19103-7599
        215.864.8500
        prattm@ballardspahr.com
        berrym@ballardspahr.com
        scottj@ballardspahr.com
        meyerjl@ballardspahr.com

*Attorneys for Defendants Thomson Reuters Corporation, Thomson Reuters Holdings Inc., Thomson Reuters Canada Limited, and Thomson Reuters Applications Inc.*

6

## **CERTIFICATE OF SERVICE**

I, Michael Berry, hereby certify that I caused a copy of the foregoing Reply Brief in Support of Defendants' Consolidated Motion to Dismiss Plaintiff's Complaint to be served via e-filing on September 13, 2024 to all counsel of record.

Date: September 13, 2024                           */s/ Michael Berry*
                                                                            Michael Berry