Marcel S. Pratt
Michael Berry
Jordan Meyer
Ballard Spahr LLP
1735 Market Street, Fl. 51
Philadelphia, PA 19103-7599
215.864.8500
prattm@ballardspahr.com
berrym@ballardspahr.com
meyerjl@ballardspahr.com

*Attorneys for Defendants Thomson Reuters Corporation, Thomson Reuters Holdings Inc., Thomson Reuters Canada Limited, and Thomson Reuters Applications Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | : : : : : | **CIVIL ACTION**<br><br>**NO. 1:24-CV-04269** |
| *Plaintiffs* | : : : | |
| v. | : : : | |
| THOMSON REUTERS CORPORATION, et al., | : : : | |
| *Defendants* | : : | |

**SUPPLEMENTAL BRIEF OF THE THOMSON REUTERS
DEFENDANTS IN SUPPORT OF THEIR MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

1. Daniel's Law is facially unconstitutional because it does not include any culpability standard ....................................................................1

2. A culpability standard should not be read into the statute ..............................1

3. An express culpability standard is necessary to avoid "the potential to chill, or deter, speech outside [the Law's] boundaries." ..............3

4. Any culpability standard must be tied to the harm the statute seeks to prevent .........................................................................................................3

5. The proposed negligence standard will not suffice .........................................5

CONCLUSION ..........................................................................................................7

i

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Counterman v. Colorado*,
  600 U.S. 66 (2023)..................................................................................................1, 3

*Cox Broadcast Corp. v. Cohn*,
  420 U.S. 469 (1975)..................................................................................................5, 7

*Department of Justice v. Reporter's Committee for Freedom of the Press*,
  489 U.S. 749 (1989)......................................................................................................6

*Florida Star v. B.J.F.*,
  491 U.S. 524 (1989).........................................................................................2, 4, 5, 6

*Hamling v. United States*,
  418 U.S. 87 (1974).........................................................................................................4

*Hess v. Indiana*,
  414 U.S. 105 (1973).......................................................................................................4

*New York Times Co. v. Sullivan*,
  376 U.S. 254 (1964)..................................................................................................3, 4

*State v. Globe Communications Corp.*,
  648 So. 2d 110 (Fla. 1994) ..........................................................................................2

**Other Authorities**

Restatement (Second) of Torts § 652D ............................................................................5

In addition to joining the Consolidated Motion to Dismiss, the Thomson Reuters Defendants moved to dismiss Plaintiffs' Complaint on the independent ground that Daniel's Law is facially unconstitutional because it imposes mandatory civil penalties on a strict liability basis. *See* ECF No. 28 ("TR Opening Br."), ECF No. 36 ("TR Reply"). They respectfully submit this supplemental brief in accordance with the Court's invitation at the October 1, 2024 hearing for any party to submit a "supplemental brief on the issue of strict liability" and to separately address several points raised in response to their argument at that hearing. *See* Hr'g Tr. at 135:16-23.

1. **Daniel's Law is facially unconstitutional because it does not include any culpability standard.** Under the First Amendment, a speaker cannot be sanctioned without requiring some degree of fault. *See* TR Opening Br. at 5-6; TR Reply at 2-3. The Supreme Court has refused to hold speakers liable for their speech, criminally or civilly, on a strict liability basis. Rather, a long-line of Supreme Court precedent has held that liability can be imposed only upon a "showing of a culpable mental state." *Counterman v. Colorado*, 600 U.S. 66, 75 (2023). On its face, Daniel's Law does not require any such showing. It therefore is facially unconstitutional.

2. **A culpability standard should not be read into the statute.** Plaintiffs and the Attorney General have argued that a standard can and should be

read into Daniel's Law. Doing so would be error. In *Florida Star v. B.J.F.*, the Supreme Court emphasized that one of the fatal constitutional "problem[s] with Florida's imposition of liability for publication" was that the statute in question did ***not*** contain "a scienter requirement of any kind." 491 U.S. 524, 539 (1989).

Five years later, the Florida Supreme Court held that the statute was facially invalid. *See State v. Globe Commc'ns Corp.*, 648 So. 2d 110 (Fla. 1994). Relying on *Florida Star*, the court explained that the law was unconstitutional because it imposed liability without providing for a "discrete determination of whether the prohibition on publication is justified under the particular circumstances presented" – in other words, the First Amendment foreclosed the statute's "automatic" penalties. *Id.* at 112 (internal quotation marks omitted). The court also rejected the state's attempt to "effectively rewrite" the law by "read[ing] various affirmative defenses into the statute" because those defenses were "entirely absent" from it. *Id.* at 113 (explaining that "[t]here is no indication the legislature intended any 'ifs, ands, or buts' to be read into the statute's unambiguous language"); *see also* Supp. Mem. in Further Support of Defs.' Consolidated Mot. to Dismiss at 5-6 (recounting history of New Jersey legislature removing culpability requirement from Daniel's Law's civil provision, but imposing one in its criminal provision). The same result is required here.

2

Absent an explicit culpability standard in the text of the statute, Daniel's Law – like the statute at issue in *Florida Star* – is facially unconstitutional.

3. **An express culpability standard is necessary to avoid "the potential to chill, or deter, speech outside [the Law's] boundaries."** *Counterman*, 600 U.S. at 75. Without text in the statute requiring a particular state of mind, publishers will "steer wide of the unlawful zone" by taking down information in response to every notice they receive – regardless of whether it was sent by an authorized person, pertains to a person actually covered by the Law, or poses any risk of harm to the person or their property – and possibly avoid publishing any address information of New Jersey residents at all, particularly when faced with the practical difficulties in complying with thousands of takedown requests. *Id.* at 77-78. The potential for this kind of "timidity" and "self-censorship" is precisely why the Supreme Court has uniformly held that to impose liability for a person's speech a state-of-mind requirement is "essential." *New York Times Co. v. Sullivan*, 376 U.S. 254, 278-79 (1964) (quoting *Smith v. California*, 361 U.S. 147, 152-54 (1959)).

4. **Any culpability standard must be tied to the harm the statute seeks to prevent.** The Supreme Court has repeatedly ruled that the Constitution mandates that the *mens rea* required to impose liability be bound to the harm sought to be remedied. *See, e.g.*, *Counterman*, 600 U.S. at 69 (for true threats,

3

must show defendant "consciously disregarded a substantial risk that his communications would be viewed as threatening violence" (cleaned up)); *Sullivan*, 376 U.S. at 280 (for defamation, public official must demonstrate defendant acted with "knowledge that it was false or with reckless disregard of whether it was false or not"); *Hamling v. United States*, 418 U.S. 87, 123 (1974) (for obscenity, must show defendant's awareness of "the character and nature" of the materials distributed); *Hess v. Indiana*, 414 U.S. 105, 109 (1973) (holding that state could not punish speech that "had a tendency to lead to violence" without showing that speaker "intended to produce . . . imminent disorder").

In addition, the Supreme Court has made clear that when a law imposes liability on speakers, it must require "individualized adjudications" and "case-by-case findings" about the nature of the specific disclosure at issue to ensure liability is not imposed "automatically." *Florida Star*, 491 U.S. at 539-40. The state simply cannot punish disclosure of truthful information – whether it be a rape victim's name or a law enforcement officer's address – without inquiring into how a defendant obtained or used that information, whether the plaintiff had an objective and subjective expectation that the information is private, and, in the case

4

of Daniel's Law, whether the disclosure bears on the risk to a covered person's safety. *See id.*; TR Opening Br. at 7.[1]

5.  **The proposed negligence standard will not suffice.** The standard proposed by Plaintiffs and the Attorney General – a negligence standard based on a defendant having reason to know of a takedown request – would fail constitutional scrutiny, even if it were explicitly stated in the statute (it is not). That standard is not tethered to any interest that the law seeks to prevent (whether safety, privacy, or both) or even tied to whether the defendant knows the request relates to a person who is actually covered by Daniel's Law.

Plaintiffs and the Attorney General cannot skirt this constitutional requirement by comparing the disclosure of covered persons' address information by private entities to the "practical obscurity" of that same information in public records. *See* Pls.' Opp. to MTD at 21-22 (ECF 32) (discussing this distinction); AG Br. at 49, No. 24-cv-4105 (ECF 48) (same); Hr'g Tr. at 64:10-18, 103:6 - 104:3, 106:14 - 107:9 (court and counsel discussing the relative obscurity of

---

[1] For this reason, in the privacy context, the Supreme Court has explained that "the prevailing law of invasion of privacy recognizes that the interests in privacy fade when the information involved already appears on the public record." *Cox Broad. Corp. v. Cohn*, 420 U.S. 469, 494-95 (1975); *see also, e.g.*, RESTATEMENT (SECOND) OF TORTS § 652D cmt. b ("There is no liability [for the tort of publication of private facts] when the defendant merely gives further publicity to information about the plaintiff that is already public. Thus there is no liability for giving publicity to facts about the plaintiff's life that are matters of public record . . . .").

information in some government records).  That distinction ignores the Supreme Court's admonition that "[w]here important First Amendment interests are at stake, the mass scope of disclosure is not an acceptable surrogate for injury."  *Florida Star*, 491 U.S. at 540.  It also overlooks the context in which the Supreme Court has recognized the interest in the "practical obscurity" of certain public records.

The Court has held that a person might have a privacy interest in the government's "compilation of otherwise hard-to-obtain" public information that sits in "practical obscurity," and that interest can override a citizen's request to **procure** that compilation from the government under the federal Freedom of Information Act.  *See Dep't of Justice v. Reporter's Committee for Freedom of the Press*, 489 U.S. 749, 762-64 (1989).  But, in recognizing that interest in relation to a statute, the Court expressly distinguished it from the very different scenario presented here – the constitutional right to publish information available in public records.  *See id.* at 762 n.13 (citing *Cox Broad.*, 420 U.S. 469, for the proposition that the "Constitution prohibits State from penalizing publication of name of deceased rape victim obtained from public records"); *cf. Florida Star*, 491 U.S. at 542 (Scalia, J., concurring in part and concurring in the judgment) (explaining that law's prohibition of publication of information obtained from a record made available to the public by the government is unconstitutional because "[t]he law

6

has every appearance of a prohibition that society is prepared to impose on the press but not upon itself").

Based on this important distinction, in *Cox Broadcasting*, the Supreme Court rejected even a reasonableness standard for imposing liability based on the publication of information obtained from public records, explaining that "[w]e are reluctant to embark on a course that would make public records generally available to the media, but forbid their publication if offensive to the sensibilities of the supposed reasonable man."  420 U.S. at 496.

For these same reasons, the proposed reasonableness standard offered by Plaintiffs and the Attorney General falls far short of what is demanded by the First Amendment.

## CONCLUSION

Daniel's Law imposes liability without fault.  It thus violates the First Amendment and is facially unconstitutional.

Dated: October 11, 2024                BALLARD SPAHR LLP

                                           */s/ Michael Berry*
Marcel S. Pratt
Michael Berry
Jordan Meyer
1735 Market Street, Fl. 51
Philadelphia, PA 19103-7599
215.864.8500
prattm@ballardspahr.com
berrym@ballardspahr.com

7

meyerjl@ballardspahr.com

*Attorneys for Defendants Thomson Reuters Corporation, Thomson Reuters Holdings Inc., Thomson Reuters Canada Limited, and Thomson Reuters Applications Inc.*

8

## **CERTIFICATE OF SERVICE**

I, Michael Berry, hereby certify that I caused a copy of the foregoing Supplemental Brief in Support of Motion to Dismiss Plaintiff's Complaint to be served via e-filing on October 11, 2024 to all counsel of record.


Date: October 11, 2024                                    */s/ Michael Berry*
                                                          Michael Berry