# Ballard Spahr LLP

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

Marcel Pratt
Tel: 215.864.8506
prattm@ballardspahr.com

Michael Berry
Tel: 215.988.9773
berrym@ballardspahr.com

November 21, 2024

*Via ECF and Email*

Honorable Harvey Bartle III, U.S.D.J.
United States District Court for the
  Eastern District of Pennsylvania
16614 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

Re:   *Atlas Data Privacy Corp., et al. v. Thomson Reuters Corporation, et al.*, No. 24-4269 (D.N.J.) – Reconsideration of Order Granting Motion for Remand (*Second Letter)

Dear Judge Bartle:

We write to follow-up on our letter of earlier this morning seeking a stay of the transmittal of the above-referenced case to state court. (ECF No. 50.) Our letter was docketed prior to the docketing of the transmittal letter to state court and the termination of the civil case. Accordingly, we ask that the Court claw back the transmittal letter and refrain from sending it to allow time to consider the Thomson Reuters Defendants' position.

As we stated in our earlier letter, the Thomson Reuters Defendants submitted a *second* declaration in connection with its opposition to the Motion to Remand to support its fraudulent joinder argument; however, the Court did not analyze that unrebutted declaration, *see* ECF No. 38-1, which is reattached to this letter. Just as the Court considered the declaration attached to the MyHeritage defendants' opposition to the Motion to Remand, the Thomson Reuters Defendants respectfully ask that the Court do the same for the declaration attached to its opposition, rather than relying exclusive upon the declaration attached to the Notice of Removal.

With respect to MyHeritage, the Court's opinion states:

> In contrast to the declaration in Reuters, the declaration in MyHeritage is all-encompassing. It states that MyHeritage (USA) does not own, control, or otherwise operate www.myheritage.com, the website referenced in the complaint. MyHeritage (USA) has no role in deciding what information is available on that website and has no ability to remove information.

Honorable Harvey Bartle III, U.S.D.J.
November 21, 2024
Page 2

However, the Court compared the <u>MyHeritage</u> declaration to the *first* Thomson Reuters declaration. The second Thomson Reuters declaration essentially tracks that same statements of fact made in <u>MyHeritage</u> that proved fraudulent joinder. After detailing the significantly available publicly available information about the Thomson Reuters website and its products, the second declaration states:

> 8. The Thomson Reuters Defendants do not own, operate, maintain, or control either CLEAR or Westlaw [the products that contain information relating to covered persons].
>
> 9. Neither Thomson Reuters Holdings, Inc. nor Thomson Reuters Applications, Inc. have the ability or authority to remove information from CLEAR or Westlaw.

ECF No. 38-1. Moreover, the second declaration went a step further and *identified* the non-defendant entities that own the Thomson Reuters website cited in the Complaint and the email address to which Atlas sent the takedown notices:

> 11. [Thomson Reuters Enterprise Centre GmbH ("TREC")] provides CLEAR and Westlaw to private entities in the United States that subscribe to those products.
>
> 12. West Publishing Corporation ("West") provides CLEAR and Westlaw to government entities in the United States that subscribe to those products.
>
> 14. TREC owns the thomsonreuters.com website and the email domain thomsonreuters.com.
>
> 15. TREC owns the domain privacy.issues@thomsonreuters.com, to which Plaintiff William Sullivan sent an email according to the Complaint in this case. *See* Comps. ¶ 55. Employees of West monitor and manage requests made through that email address. The Thomson Reuters Defendants do not own, operate, maintain, or control that email address.

*Id.* The unrebutted second declaration is "all-encompassing," just like the declaration in <u>MyHeritage</u>, and it establishes, by itself, that the Thomson Reuters Defendants were fraudulently joinded.

Honorable Harvey Bartle III, U.S.D.J.
November 21, 2024
Page 3

    Thank you for your consideration of this request and please feel free to contact us with any questions regarding this matter.

Respectfully submitted,

Marcel S. Pratt
Michael Berry

Enclosure

Cc: Rajiv Parikh, Counsel for Plaintiffs