Marcel S. Pratt
Michael Berry
Jordan Meyer
Ballard Spahr LLP
1735 Market Street, Fl. 51
Philadelphia, PA 19103-7599
215.864.8500
prattm@ballardspahr.com
berrym@ballardspahr.com
meyerjl@ballardspahr.com

*Attorneys for Defendants Thomson Reuters Corporation, Thomson Reuters Canada Limited, Thomson Reuters Enterprise Centre GmbH, and West Publishing Corporation*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | : : : : | **CIVIL ACTION** **NO. 1:24-CV-04269** |
| *Plaintiffs* | : : | |
| v. | : : | |
| THOMSON REUTERS CORPORATION, et al., | : : : | |
| *Defendants* | : : | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS
PURSUANT TO RULE 12(B)(5)**

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ...............................................................................................................1

BACKGROUND .................................................................................................................1

ARGUMENT .......................................................................................................................4

CONCLUSION ....................................................................................................................8

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Allstate Insurance Co. v. Funai Corp.*,
 249 F.R.D. 157 (M.D. Pa. 2008) ................................................................................4, 5

*Allstate Insurance Co. v. Hewlett-Packard Co.*,
 2016 WL 613571 (M.D. Pa. Feb. 16, 2016) .................................................................5, 6, 7

*Canfield v. Statoil USA Onshore Properties Inc.*,
 2017 WL 1078184 (M.D. Pa. Mar. 22, 2017) ...............................................................6, 7

*Eli Lilly & Co. v. Roussel Corp.*,
 23 F. Supp. 2d 460 (D.N.J. 1998) ................................................................................4

*Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*,
 988 F.2d 476 (3d Cir. 1993) ........................................................................................4

*Reyes v. United States Postal Service*,
 2018 WL 5801547 (D.N.J. Nov. 6, 2018) .....................................................................7, 8

*Rice v. Electrolux Home Products, Inc.*,
 2018 WL 4964076 (M.D. Pa. Oct. 15, 2018) ................................................................4

*Swift v. Pandey*,
 2023 WL 8232853 (D.N.J. Nov. 28, 2023) ...................................................................6

*U.S. ex rel. Thomas v. Siemens AG*,
 708 F. Supp. 2d 505 (E.D. Pa. 2010) ............................................................................5, 6

*Trustees of United Food & Commercial Workers Union v. Union*
 *Organization for Social Services*,
 2023 WL 3862039 (D.N.J. June 6, 2023) ....................................................................8

*USHA (India) Ltd. v. Honeywell International Inc.*,
 421 F.3d 129 (2d Cir. 2005) .........................................................................................5

**Other Authorities**

Federal Rule of Civil Procedure 4 ...................................................................................4, 5, 7

Federal Rule of Civil Procedure 12 .................................................................................4

## INTRODUCTION

This action has been pending for more than a year. In that time, Plaintiffs have not served the two Canadian-based Thomson Reuters entities named in this action: Thomson Reuters Corporation and Thomson Reuters Canada Limited. Despite multiple court filings stating that these Canadian entities have not been served, Plaintiffs have provided no indication that service has even been attempted. The claims against those two entities must therefore be dismissed.[1]

## BACKGROUND

Plaintiffs filed suit against various Thomson Reuters entities in the Superior Court of New Jersey in Morris County on February 15, 2024. *See* ECF No. 1-2. The Complaint originally named four defendants: Thomson Reuters Corporation ("TRC"), Thomson Reuters Canada Limited ("TRCL"), Thomson Reuters Holdings Inc. ("TR Holdings"), and Thomson Reuters Applications Inc. ("TR Applications"). *Id.*

---

[1] In addition, the Thomson Reuters Defendants move to dismiss the Complaint in its entirety for the reasons described in the Memorandum of Law in Support of Defendants' Consolidated Motion to Dismiss Pursuant to Rule 12(b)(6). *See Atlas Data Privacy Corp., et al. v. DM Group Inc., et al.*, No. 24-4075 (ECF No. 59). The Court previously ordered that any defendant that participated in the briefing on the motion to dismiss on facial constitutional grounds and the motion to remand was "not deemed to have waived any other ground for dismissal of the Complaint." ECF No. 17 at 16-17; *see also* ECF No. 30 at 16 (same); ECF No. 33 at 16 (same).

The action was removed to federal court on March 27, 2024 on the basis that the two non-diverse defendants, TR Holdings and TR Applications, were fraudulently joined. *See* ECF No. 1. The other two defendants, TRC and TRCL, are foreign corporations based in Canada (the "Canadian Defendants"). *See* ECF No. 1 ¶¶ 21-22; *see also* ECF No. 4 (certifying that TRC and TRCL are incorporated and headquartered in Ontario, Canada). At the time of removal, Plaintiffs had served TR Holdings and TR Applications with the Complaint and Summons, but, as explained in the Notice of Removal, Plaintiffs had not served the Canadian Defendants. *See* ECF No. 1 ¶ 10.

Following Plaintiffs' motion to remand the action, *see* ECF No. 15, the parties agreed to substitute the two non-diverse defendants for West Publishing Corporation ("West"), a company based in Minnesota, and Thomson Reuters Enterprise Centre GmbH ("TREC"), a company based in Switzerland, *see* ECF No. 62. Those two companies are responsible for the products that make available the kinds of information covered by Daniel's Law and the email address to which covered persons allegedly sent their takedown notices; the Canadian Defendants do not own, operate, maintain, or control those products or the email address. *See, e.g.*, Decl. of Steven Fox ¶¶ 8, 14, 15, ECF No. 38-1.

The stipulation substituting West and TREC as defendants, which was ordered by the Court on December 10, 2024, ECF No. 62, stated that "West and

2

TREC are deemed to have been properly served," *id.* at 2. To date, however, Plaintiffs have not filed proof of service on the Canadian Defendants or otherwise indicated that service has been effectuated on them. Rather, in the more than a year since this case was filed, Plaintiffs still have not served the Canadian Defendants.

Defendants have notified Plaintiffs multiple times of Plaintiffs' failure to serve the Canadian Defendants, starting with Defendants' very first filing. In the Notice of Removal filed nearly a year ago, Defendants stated that "Plaintiffs have not effectuated service upon either Thomson Reuters Corporation or Thomson Reuters Canada Limited." ECF No. 1 ¶ 10 (citing Declaration of Heather O'Hagan, ¶¶ 4-5). Since then, Defendants have continued to note the failure to serve the Canadian Defendants. *See* ECF No. 2 at 2 (Thomson Reuters Corporation and Thomson Reuters Canada Limited "have yet to be served"); ECF No. 28 at 1 n.1 ("Only two of the[] four Thomson Reuters Defendants have been served . . . ."); ECF No. 38 at 3 n.1 (same); *Atlas Data Privacy Corp., et al. v. We Inform, LLC, et al.*, No. 24-8047 (3d Cir.), ECF No. 1-1 ("Third Circuit Petition") at A-4 ("Of the current defendants, only TREC and West have been served."). Yet Plaintiffs have not sought an extension to serve the Canadian Defendants or otherwise indicated in any way that service is in progress or has even been attempted.

3

## ARGUMENT

Because Plaintiffs have not effectuated timely service on the Canadian Defendants, dismissal is warranted. Fed. R. Civ. P. 12(b)(5) (providing for dismissal of a complaint based on "insufficient service of process"). In a challenge under Rule 12(b)(5), "the party asserting the validity of service bears the burden of proof."[2] *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993). Here, Plaintiffs have made no apparent attempt to serve the Canadian Defendants, and service is therefore insufficient. *See Allstate Ins. Co. v. Funai Corp.*, 249 F.R.D. 157, 160 (M.D. Pa. 2008) (granting Rule 12(b)(5) motion where service on foreign corporation was not timely).

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant "within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). If a defendant is not served within 90 days, the court "must dismiss the action without prejudice against that defendant or order that service be made within a specified

---

[2] Because Canada and the United States are signatories to the Hague Convention, Plaintiffs would need to demonstrate compliance with its procedures. *See Eli Lilly & Co. v. Roussel Corp.*, 23 F. Supp. 2d 460, 470 (D.N.J. 1998) (where applicable, service through the Hague Convention is "mandatory"). Failure to comply with the Hague Convention "voids" any attempted service. *Id.* (citing *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 698 (1988)); *see also Rice v. Electrolux Home Prods., Inc.*, 2018 WL 4964076, at *2 (M.D. Pa. Oct. 15, 2018) ("[T]he United States Supreme Court has confirmed that service through the Hague Convention is mandatory.").

time" unless the plaintiff shows "good cause for the failure," in which case the court "must extend the time for service for an appropriate period." *Id.*

While Rule 4(m) exempts service in a foreign country from this deadline, the time to effectuate service on a foreign entity is not "unlimited." *U.S. ex rel. Thomas v. Siemens AG*, 708 F. Supp. 2d 505, 522 (E.D. Pa. 2010); *see also Allstate Ins. Co. v. Hewlett-Packard Co.*, 2016 WL 613571, at *4 (M.D. Pa. Feb. 16, 2016) (agreeing with "the United States Courts of Appeals for the Second, Seventh, Fifth and Eleventh Circuits," which "have held that the time to serve process in a foreign country is not unlimited") (collecting cases). Rather, courts in this Circuit have generally held that the exemption for timely serving foreign defendants "does not apply" where "the plaintiff has not made a reasonable, good faith effort to attempt service abroad" during the period provided for domestic service under Rule 4.[3] *Funai Corp.*, 249 F.R.D. at 161-62 (collecting cases); *see also Hewlett-Packard Co.*, 2016 WL 613571, at *4 (same); *cf. USHA (India) Ltd. v. Honeywell Int'l Inc.*, 421 F.3d 129, 134 (2d Cir. 2005) ("[Rule 4(m)'s] exception does not apply if, as here, the plaintiff did not attempt to serve the defendant in the foreign country."). Where a plaintiff has not "been diligent in attempting to serve a foreign

---

[3] An earlier version of Rule 4(m), operative during some of the cases described in this brief, included a statutory period of 120 days rather than the current 90-day period. *See Hewlett-Packard Co.*, 2016 WL 613571, at *4.

5

defendant," dismissal may be appropriate.  *Swift v. Pandey*, 2023 WL 8232853, at *8 (D.N.J. Nov. 28, 2023) (quoting *Aldossari ex rel. Aldossari v. Ripp*, 2021 WL 259957, at *2 n.2 (E.D. Pa. Jan. 26, 2021)), *aff'd as modified*, 2025 WL 457307 (3d Cir. Feb. 11, 2025).[4]

For example, in *Canfield v. Statoil USA Onshore Properties Inc.*, the Middle District of Pennsylvania determined that where the plaintiff "made no actual attempt at service," Rule 4(m)'s "flexibility" with regard to service in a foreign country was not "justified."  2017 WL 1078184, at *13 (M.D. Pa. Mar. 22, 2017).  In that case, which was pending for just over a year, the plaintiff's attorney submitted an affidavit with myriad excuses for the delay, including that he had provided a copy of the complaint to the foreign entity's counsel and that he had hired a process server and retained a company "well versed in international service."  *Id.*  The court, however, held that "[n]othing in the affirmation suggest[ed] that there was an *actual attempt* to serve" the foreign entity.  *Id.*

---

[4] Some courts employ a "flexible due diligence standard, which considers the reasonableness of the plaintiff's effort and the prejudice to the defendant resulting from any delay."  *See Siemens AG*, 708 F. Supp. 2d at 522.  In any case, dismissal is warranted where, as here, a plaintiff fails to make a "good faith effort to serve" the foreign entity "properly."  *Id.* at 523; *see also Hewlett-Packard Co.*, 2016 WL 613571, at *4 ("[T]he Fifth and Eleventh Circuits have adopted a 'flexible due diligence' standard which permits a plaintiff's complaint to be dismissed upon a showing that she failed to exercise diligence in attempting to effectuate service on a foreign defendant.").

(emphasis added).  The court dismissed the claims against that entity, determining there was "no justification for such a delay, even under the most liberal reading of Rule 4(m)." *Id.*

Here, Plaintiffs' failure to serve the Canadian Defendants is even more glaring.  Defendants have stated on the record multiple times that service had not been effectuated, throughout all stages of this litigation, including before the 90-day period had run and in the petition to the Third Circuit for interlocutory appeal. *See* ECF No. 1 ¶ 10; ECF No. 2 at 2; ECF No. 28 at 1 n.1; ECF No. 38 at 3 n.1; Third Circuit Petition at A-4.  Despite these repeated notices, Plaintiffs did not seek an extension from the Court nor explain why service was delayed.  Indeed, to Defendants' knowledge, Plaintiffs have not made any attempt to serve the Canadian Defendants since this action was initially filed nearly 400 days ago – far longer than the 90 days contemplated by Rule 4(m).  *See Hewlett-Packard Co.*, 2016 WL 613571, at *4 (dismissing foreign entity where plaintiff did not attempt service abroad until "at least fourteen months after" it filed its complaint).

Though the time for service may be extended for "good cause," Fed. R. Civ. P. 4(m), Plaintiffs will not be able to meet that standard here.  Good cause exists only where the delay is the result of "excusable neglect." *Reyes v. United States Postal Serv.*, 2018 WL 5801547, at *2 (D.N.J. Nov. 6, 2018) (quoting *MCI Telecommc'ns Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir. 1995)).

Failing to seek an extension or even attempt service weighs against a finding of good cause, *see id.*, especially where a plaintiff is aware the defendant has not been served, *see Trs. of United Food & Commercial Workers Union v. Union Org. for Soc. Servs.*, 2023 WL 3862039, at *4 (D.N.J. June 6, 2023).

## CONCLUSION

Because Plaintiffs have not effectuated – nor even attempted – service, Defendants' motion should be granted, and the claims against Thomson Reuters Corporation and Thomson Reuters Canada Limited should be dismissed.

Dated: March 18, 2025					BALLARD SPAHR LLP

						 */s/ Marcel S. Pratt*
						Marcel S. Pratt
						Michael Berry
						Jordan Meyer
						1735 Market Street, Fl. 51
						Philadelphia, PA 19103-7599
						215.864.8500
						prattm@ballardspahr.com
						berrym@ballardspahr.com
						meyerjl@ballardspahr.com

						*Attorneys for Defendants*