# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, JANE DOE-1, *a law enforcement officer*, JANE DOE-2, *a law enforcement officer*, EDWIN MALDONADO, SCOTT MALONEY, JUSTYNA MALONEY, PATRICK COLLIGAN, PETER ANDREYEV, and WILLIAM SULLIVAN,

      Plaintiffs,

      v.

THOMSON REUTERS CORPORATION, THOMSON REUTERS HOLDINGS INC., THOMSON REUTERS CANADA LIMITED, THOMSON REUTERS APPLICATIONS INC., RICHARD ROES 1-10, *fictitious names of unknown individuals* and ABC COMPANIES 1-10, *fictitious names of unknown entities*,

      Defendants.

Civil Action No. 1:24-cv-04269

Honorable Harvey Bartle, III
United States District Judge

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT UNDER RULE 12(b)(5)

i

*Attorneys for Plaintiffs*

**PEM LAW LLP**
Rajiv D. Parikh, Esq.
Kathleen Barnett Einhorn, Esq.
Jessica A. Merejo, Esq.
1 Boland Dr., Suite 101
West Orange, New Jersey 07052
Tel.: (973) 577-5500
rparikh@pemlawfirm.com
keinhorn@pemlawfirm.com
jmerejo@pemlawfirm.com

***Of Counsel and On the Brief***
Rajiv D. Parikh, Esq.
Kathleen Barnett Einhorn, Esq.
Jessica A. Merejo, Esq.

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..............................................................1

LEGAL ARGUMENT.......................................................................4

I.   The Motion Should Be Denied Because Plaintiffs Have Made Reasonable
     Efforts to Complete Service and the Foreign Defendants Have Not Been
     Prejudiced........................................................................4

     A.  Plaintiffs Exercised Reasonable Efforts to Serve the Foreign Defendants. .5
     B.  The Foreign Defendants Have Not Been Prejudiced...................................7
     C.  To The Extent this Court Deems It Necessary, Plaintiffs Should Be Given
         Reasonable Additional Time to Serve The Foreign Defendants. ................9

CONCLUSION .................................................................10

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Allstate Ins. Co. v Hewlett-Packard Co.*, 2015 WL 179041 (M.D. Pa. Jan 14. 2015) .................. 7

*CommScope, Inc. v Rosenberger Technology (Kunshan) Co. Ltd.*, 2021 WL 4193118 (D.N.J. Feb. 26, 2021) ............................................................................................................................ 4

*In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*, 64 F. Supp. 3d 665 (E.D. Pa. 2014) .................................................................................................................. 5

*Leavitt v Sky Warrior Bahamas Ltd.*, 2024 WL 4275052 (D. Nev. Sept. 24, 2024) ..................... 6

*Plumbers' Local Union No. 690 Health Plan v. Apotex Corp.*, 2017 WL 2242859 (E.D. Pa. May 23, 2017) ........................................................................................................................... 9

*The Knit With v. Knitting Fever, Inc.*, 2010 WL 2788203 (E.D.Pa. July 13, 2010) ..................... 5

*Umbenhauer v. Woog*, 969 F.2d 25 (3d Cir. 1992) ........................................................................ 1

*Wildcat Licensing WI LLC v. Audi AG*, 2020 WL 5798547 (D. Del. Sept. 29, 2020) .................. 4


**Rules**

Fed. R. Civ. P. R. 4(m) .................................................................................................................. 4

Fed. R. Civ. P. R. 81(c) ................................................................................................................. 4

FRCP 81(c) .................................................................................................................................... 4

FRCP Rule 4(m) ............................................................................................................................ 4

Plaintiffs Atlas Data Privacy Corporation, as assignee of individuals who are Covered Persons, Jane Doe-1, a law enforcement officer, Jane Doe-2, a law enforcement officer, Edwin Maldonado, Scott Maloney, Justyna Maloney, Patrick Colligan, Peter Andreyev, and Willian Sullivan (collectively, "Plaintiffs") respectfully submit this memorandum of law in opposition to Defendants Thomson Reuters Corporation's and Thomson Reuters Canada Limited's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(5). Thomson Reuters Corporation and Thomson Reuters Canada Limited are referred to herein the "Foreign Defendants." Together with Thomson Reuters Holdings Inc., Thomson Reuters Applications Inc., Thomson Reuters Centre GmbH, and West Publishing Corp., they are referred to as the "Thomson Reuters Defendants."

## PRELIMINARY STATEMENT

This Court has broad discretion to deal with motions to dismiss for insufficient service of process. That discretion should not result in dismissal where "there exists a reasonable prospect that service may yet be obtained." *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992). And dismissal is particularly inappropriate where, as here, the Foreign Defendants have not been prejudiced and have been on notice of this action since its inception. Here the Foreign Defendants have themselves invoked the Court's processes and powers to remove the case to federal court, to take

1

document and deposition discovery of Plaintiffs, to move to dismiss on constitutional grounds, to argue for fraudulent joinder, to argue for stays pending appeal, to add and drop affiliated Defendants in the action, to move to dismiss on substantive grounds, to seek interlocutory appellate relief, and to participate in case management conferences and hearings.

Far from being prejudiced, it could be said that the Foreign Defendants have increased the cost of litigation by not accepting service of process in an action in which they, their lawyers, and their affiliates have already heavily participated in for over a year.

Foreign Defendants readily acknowledge that the 90-day time requirement in Rule 4(m) does not apply to them. Instead, on a motion to dismiss for failure to serve a foreign Defendant, the court should consider Plaintiffs' good faith efforts to serve the Foreign Defendants as well as other factors such as prejudice to the Foreign Defendants and the prospect of obtaining service.

Here, in February 2024, Plaintiffs purported to serve process on the Foreign Defendants through Corporate Service Corporation ("CSC") in Albany, New York. Although it is now clear that CSC is not listed as the agent for process for the Foreign Defendants, CSC is the listed with the New York State Secretary as the registered agents for a number of the Foreign Defendants' affiliated entities. CSC accepted the service and never told Plaintiffs that it rejected service or that it was not the Foreign

2

Defendants' registered agent. Thereafter, Foreign Defendants continued to participate in the action.

The Foreign Defendants so minimized their concern with not being served that they participated in days-worth of direct negotiations with Plaintiffs to arrange for the dropping of certain affiliated Thomson Reuters Defendants and the substitution of different affiliates into the action. [ECF Nos. 60, 62]. Not once during those discussions did the Foreign Defendants ever tell Plaintiffs that they were concerned that they had not been served. Prior to making the current motion, Foreign Defendants did not advise nor meet and confer with Plaintiffs to raise any issue concerning inadequate service of process.

Plaintiffs have now attempted to serve Foreign Defendants in Canada by personally serving them at their registered address and by initiating service of process under the Hague Convention (all of which could be avoided if the already present Foreign Defendants and their lawyers accept service of process).

Plaintiffs also believe that Defendant Thomson Reuters Corporation can be properly served in New York at its address in Times Square and through the New York Secretary of State as an unauthorized foreign business, under New York's Business Corporation Law § 307.

Under these circumstances, the Foreign Defendants' motion to dismiss should be denied and Plaintiffs should be provided a reasonable time to effectuate service.

3

## LEGAL ARGUMENT

**I.    The Motion Should Be Denied Because Plaintiffs Have Made Reasonable Efforts to Complete Service and the Foreign Defendants Have Not Been Prejudiced.**

The Federal Rules of Civil Procedure apply to this removed action. *See Fed. R. Civ. P.* 81(c).  Rule 4 of the Federal Rule of Civil Procedure governs the timing and service of process.  Because it can take a considerable amount of time to serve a Defendant in a foreign country, Rule 4(m)'s time limits do not apply to serving foreign defendants. *See Fed. R. Civ. P.* 4(m) ("This subdivision (m) does not apply to service in a foreign country").  "Thus, there is no requirement in the Federal Rules of Civil Procedure that a foreign corporation be served within a particular time.  Nor has the Third Circuit Court of Appeals imposed such a requirement." *Wildcat Licensing WI LLC v. Audi AG*, 2020 WL 5798547, at *2 (D. Del. Sept. 29, 2020); *see also CommScope, Inc. v Rosenberger Technology (Kunshan) Co. Ltd.*, 2021 WL 4193118, at * 2 (D.N.J. Feb. 26, 2021). Instead, Courts use their discretion in evaluating whether to dismiss a complaint under Rule 12(b)(5) for failure to serve process on a foreign defendant. *Wildcat*, 2020 WL 5798547, at *2-*3.

Two overarching principles affect that exercise of discretion:  one, even if the absence of the Plaintiffs' good faith, a court still has discretion to continue the case, and two, any dismissal would have to be without prejudice such that the Plaintiff can refile and reattempt service anyway. *Id.* at *3.

4

Here dismissal is not warranted because Plaintiffs exercised good faith and the Foreign Defendants, who have had ample notice of and have already heavily participated in this action since its inception, have not been prejudiced.

## A. Plaintiffs Exercised Reasonable Efforts to Serve the Foreign Defendants.

As noted above, there is no set time frame for serving a foreign defendant. In evaluating whether to continue the time for service on a foreign defendant, courts "often apply a general due diligence standard, which 'considers the reasonableness of the plaintiff's effort and the prejudice to the defendant resulting from any delay.'" *In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*, 64 F. Supp. 3d 665, 715 (E.D. Pa. 2014) (*quoting The Knit With v. Knitting Fever, Inc.*, 2010 WL 2788203, at *12 (E.D. Pa. July 13, 2010)). "Courts maintain significant discretion in extending the time period for service of the complaint, even in the absence of a showing of good cause." *Id.*; *see also Wildcat*, 2020 WL 5798547, at *2-3.

Here, Plaintiffs exercised due diligence. First, Plaintiffs attempted to serve Foreign Defendants in New York at CSC, a commonly recognized agent for service of process used by many companies. *See* Declaration of Adam R. Shaw, dated April 17, 2024 (hereinafter "Shaw Decl."), Ex A. At the time of service, Plaintiffs reasonably believed that CSC was the proper agent for service of process for the Foreign Defendants. CSC has been listed as agent for service of process for at least

5

eight of the Foreign Defendants' affiliated companies with the New York Secretary of State.  *See* Shaw Decl., Ex. B. CSC actually received the service and never notified Plaintiffs that it rejected the service, as it has apparently done in other cases. S*ee Leavitt v Sky Warrior Bahamas Ltd.*, 2024 WL 4275052, at *7 (D. Nev. Sept. 24, 2024) ("CSC notified Leavitt of the rejection days after service, explaining it cannot forward the process to Defendants."). And there is at least one case pending in the Southern District of New York where Thomson Reuters Corporation was served though CSC in 2022, for which Thomson Reuters Corporation apparently appeared and is still defending the action.  *See* Shaw Decl., Ex. C.

Based on the above, Plaintiffs thought they had properly served the Foreign Defendants.  Although the Foreign Defendants noted in some early pleadings and later in two footnotes that they had not been served, they continued to actively participate in the action and their lawyers engaged with Plaintiffs' lawyers over issues including naming the proper parties and adding and substituting parties into the action and never mentioned the lack of service to the attorneys. *See* Shaw Decl. ¶ 5. [ECF Nos. 60, 62].  Even prior to making the current motion, Foreign Defendants never contacted Plaintiffs to meet and confer over the lack of service. *See* Shaw Decl. ¶ 6.

Since the filing of this motion, Plaintiffs have undertaken additional efforts to serve the Foreign Defendants. They have asked Foreign Defendants to accept service

of process so as to not drive up the costs of litigation – which Foreign Defendants have refused. *See* Shaw Decl. ¶ 7. *See also* Fed. R. Civ. P. 4(d) (a defendant who can be served in the U.S. "has a duty to avoid unnecessary expenses of serving the summons."). Plaintiffs have now personally served the Foreign Defendants at their address in Canada. *See* Shaw Decl., Ex. D. Plaintiffs have also initiated service under the Hague Convention for service of process in Canada. *See* Shaw Decl. ¶ 9. And because Plaintiffs believe that the Foreign Defendants can be served at their New York address—Thomson Reuters Corporation stock is traded on the NASDAQ and they list their New York address as the location for service of process for the SEC— Plaintiffs have attempted to personally serve the summons and complaint there. On April 15, 2025, after several attempts, security at the New York address spoke to someone at the offices who advised that they refused to accept service. *See* Shaw Decl., Ex. E and F. Plaintiffs also intend to serve the Foreign Defendants through the New York Secretary of State under New York Business Corporation § 307, which allows for unauthorized foreign corporations to be served there. *See* Shaw Decl. ¶ 11.

All of these efforts show Plaintiffs' due diligence. *Allstate Ins. Co. v Hewlett-Packard Co.*, 2015 WL 179041, at * 2-3 (M.D. Pa. Jan 14. 2015).

## B. The Foreign Defendants Have Not Been Prejudiced.

For similar reasons, the Foreign Defendants have not been prejudiced. If anything, the Foreign Defendants have themselves availed themselves of these proceedings and caused the parties and the Court to expend time and resources for something that may have been resolved through dialogue and a meet-and-confer process.

First, Foreign Defendants have heavily participated in these proceedings since at least March 27, 2024, when all the Thomson Reuters Defendants, including the Foreign Defendants, jointly filed their Notice of Removal. [ECF No. 1]. The Foreign Defendants have the same attorneys as the rest of the Thomson Reuters Defendants, including those currently in this action and those that were dropped from this action through stipulation. From the outset of this case, those attorneys made appearances and spoke on behalf of all the named Thomson Reuters Defendants. [*See, e.g.,* ECF Nos. 7-9]. They appeared for the Foreign Defendants and affirmatively moved the Court and participated in: removing the action to federal court; engaging in discovery concerning Plaintiffs' operations; seeking to dismiss for fraudulent joinder; seeking reconsideration regarding fraudulent joinder; challenging the constitutionality of Daniel's Law; moving to dismiss the complaint; seeking an interlocutory appeal and actually filing an appellate brief in the Third Circuit; appealing the district court's ruling; and submitting a stipulation to drop certain

8

named Thomson Reuters Defendants and to substitute others. [*See, e.g.,* ECF Nos. 1, 20, 24, 58, 60, 62, 77].

That last example is particularly notable because Plaintiffs' counsel and Foreign Defendants engaged in several long conferences where we discussed the proper parties to these actions and the activities of all of the Thomson Reuters Defendants.  Not once during those discussions nor as part of any resolution did Foreign Defendants' counsel raise the issue of the lack of service on the Foreign Defendants. *See* Shaw Decl. ¶ 5. They also did not raise the issue with Plaintiffs' counsel before making the instant motion to dismiss. *See* Shaw Decl. ¶ 6.

Under these circumstances, Foreign Defendants are not prejudiced.

**C. To The Extent this Court Deems It Necessary, Plaintiffs Should Be Given Reasonable Additional Time to Serve The Foreign Defendants.**

Even if Plaintiffs had not exercised due diligence, the Court still has discretion to allow for more time to serve.  Further, any dismissal would be without prejudice for Plaintiffs to refile and re-serve. *Wildcat Licensing WI LLC v. Audi AG*, 2020 WL 5798547, at *2 (D. Del. Sept. 29, 2020); *Plumbers' Local Union No. 690 Health Plan v. Apotex Corp.*, 2017 WL 2242859, at * 5 (E.D. Pa. May 23, 2017); *In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Litig.*, 64 F. Supp. 3d 665, 715 (E.D. Pa. 2014).  Providing more time to serve is particularly appropriate

where Plaintiffs have a reasonable prospect of obtaining service. *Woog*, 969 F.2d 25 at 30 (3d Cir. 1992)

Here, Foreign Defendants are amenable to service in Canada. Plaintiffs have personally served them there and have initiated the process for formal service under the Hague Convention.

Also, Thomson Reuters Corporation may be amenable to service in New York. They can be served in person at their New York address. In addition, because they are doing business in New York but are not registered to do so with the New York Secretary of State, they are considered an unauthorized foreign corporation that can be served through the New York Secretary of State under New York Business Corporation Law § 307.

Because there is a reasonable prospect of service, this Court should deny the motion and, to the extent this Court deems it necessary, allow Plaintiffs reasonable additional time to complete service.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court deny the Foreign Defendants' Motion to Dismiss in its entirety, and, to the extent this Court deems it necessary, afford Plaintiffs additional time to complete service on the Foreign Defendants.

Respectfully submitted,

**PEM LAW LLP**
*Attorneys for Plaintiffs*

By:    /s/Rajiv D. Parikh
         RAJIV D. PARIKH

Dated: April 17, 2025