Marcel Pratt
Michael Berry
Jordan Meyer
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: 215.665.8500
prattm@ballardspahr.com
berrym@ballardspahr.com
meyerjl@ballardspahr.com

*Attorneys for Defendants Thomson Reuters Corporation,
Thomson Reuters Canada Limited, Thomson Reuters
Enterprise Centre GmbH, and West Publishing Corporation*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | : :  : **CIVIL ACTION** |
| *Plaintiffs* | : : **NO. 1:24-CV-04269** |
| v. | : : |
| THOMSON REUTERS CORPORATION, et al., | : : : |
| *Defendants* | : |

**REPLY IN SUPPORT OF MOTION TO DISMISS
PURSUANT TO RULE 12(B)(5)**

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ....................................................................................................................... 1

CONCLUSION .................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allstate Insurance Co. v. Funai Corp.*,
  249 F.R.D. 157 (M.D. Pa. 2008) ........................................................................2

*Allstate Insurance Co. v. Hewlett-Packard Co.*,
  2015 WL 179041 (M.D. Pa. Jan. 14, 2015)......................................................6, 7

*Allstate Insurance Co. v. Hewlett-Packard Co.*,
  2016 WL 613571 (M.D. Pa. Feb. 16, 2016)........................................................2

*Knit With v. Knitting Fever, Inc.*,
  2010 WL 2788203 (E.D. Pa. July 13, 2010) ...................................................5, 6

*Wildcat Licensing WI LLC v. Audi AG*,
  2020 WL 5798547 (D. Del. Sept. 29, 2020).......................................................5

**Statutes**

N.Y. Bus. Corp. Law § 307 ................................................................................2

## INTRODUCTION

Plaintiffs ask this Court to excuse their nearly fourteen-month failure to effect service on two Canadian defendants, Thomson Reuters Corporation and Thomson Reuters Canada Limited ("Canadian Defendants"). But Plaintiffs' Opposition provides no legitimate justification for their lack of diligence. Instead, it offers after-the-fact excuses for their disregard of basic procedural rules. The Court should not reward Plaintiffs' failure to even attempt service for over a year. The case against the Canadian Defendants should be dismissed.

## ARGUMENT

The Canadian Defendants' motion to dismiss for failure to serve should come as no surprise to Plaintiffs. Multiple filings by the Thomson Reuters Defendants warned that the Canadian Defendants had not been served. *See* Not. of Removal ¶ 10, ECF No. 1; Appl. for Extension of Time ¶ 4, ECF No. 2; Suppl. Br. in Supp. of Mot. to Dismiss at 1 n.1, ECF No. 28; Suppl. Br. in Opp. to Mot. to Remand at 3 n.1, ECF No. 38; Pet. at A-4 n.1, *Atlas Data Privacy Corp. v. We Inform, LLC* No. 24-8047 (3d Cir. Dec. 12, 2024). As the Opposition concedes, Plaintiffs ignored those warnings. *See* Pls.' Opp. at 6–7, ECF No. 83. Instead of serving the Canadian Defendants in accordance with the Hague Convention, Plaintiffs elected to do nothing. They never filed proofs of service. Nor did they address the multiple warnings in any of their briefs or filings. Nor did they ever

1

even ask counsel for the Thomson Reuters Defendants about the issue. Only after the Canadian Defendants moved to dismiss did Plaintiffs attempt to justify their year-long inaction. This conduct exemplifies a lack of due diligence. *See Allstate Ins. Co. v. Hewlett-Packard Co.*, 2016 WL 613571, at *5 (M.D. Pa. Feb. 16, 2016) (concluding dismissal was proper "because [the plaintiff] did not attempt service abroad until [fourteen months after filing the complaint] and lacked good cause for the extraordinary delay"); *Allstate Ins. Co. v. Funai Corp.*, 249 F.R.D. 157, 166 (M.D. Pa. 2008) (granting dismissal where plaintiff waited over a year after filing to attempt to serve defendant according to the Hague Convention and did not seek an extension of time upon notification that service was improper).[1]

Plaintiffs' primary excuse is that they "attempted to serve Foreign Defendants in New York at CSC, a commonly recognized agent for service of process used by many companies," and "reasonably believed that CSC was the proper agent for service of process for the Foreign Defendants." Pls.' Opp. at 5.

---

[1] Plaintiffs also assert that New York Business Corporation Law § 307 is an appropriate method of service, but they are wrong. That law applies only in cases filed in the State of New York. *See* N.Y. Bus. Corp. Law § 307(a) (describing when foreign corporations not authorized to do business in New York are subject to "personal or other jurisdiction of the courts of this state," and permitting service of process to "issue in any court in this state having jurisdiction of the subject matter"). Even if service under the New York Business Corporation Law or some other law is somehow proper now, it would have been proper at the time this action was filed, and Plaintiffs offer no excuse for why they did not pursue those avenues for effecting service previously.

That "reasonable belief" was based on the fact that a few *different* Thomson Reuters affiliates—not the Canadian Defendants—were registered to do business in New York and identified CSC as their registered agent there. *Id.* at 5–6. Not only is this an irrational leap in logic, but it is also hard to believe given the significant resources that Plaintiffs (including Atlas) have harnessed to identify, locate, and serve over 200 defendants around the world. While Plaintiffs admit that "it is now clear that CSC is not listed as the agent for process for the [Canadian] Defendants," Pls.' Opp. at 2, that fact has always been clear. *See* Steve Kirvan Aff. ¶ 9, attached hereto as Exhibit A ("CSC is not the registered agent for [the Canadian Defendants] in New York and does not have authority to accept service on their behalf.").

Indeed, a simple search of the New York Department of State's Corporation and Business Entity Database would have revealed that the Canadian Defendants are not now – and never have been – registered to do business in New York. *See* https://apps.dos.ny.gov/publicInquiry/. Plaintiffs seek to avoid responsibility for taking this elementary first step to ascertain whether service of CSC was proper by pointing to a filing with the Securities and Exchange Commission. *See* Pls.' Opp. at 7. But that filing explicitly states that Thomson Reuters Corporation ("TRC") is a Canadian entity and that its principal place of business is in Canada. *See* Shaw Decl. in Supp. of Pls.' Opp, Ex. F, ECF 83-7. Moreover, with respect to service of

3

process, the filing says only that Thomson Reuters Holdings Inc. is TRC's agent for service in connection with proceedings "conducted by the Commission" and for actions arising from any of its U.S.-registered securities.[2] *Id.* Plainly, neither of those circumstances applies here. Plaintiffs should not now benefit from attempting to serve the Canadian Defendants at an office they knew (or easily could have discovered) was improper.

Ten days ago, Plaintiffs attempted to remedy their lack of diligence by engaging in a legally improper attempt to serve the Canadian Defendants at their offices in Toronto, Canada. *See* Pls.' Opp. at 7. Plaintiffs not only tried to hand documents to a third party not employed by the Canadian Defendants, but left behind incomplete copies of the complaint. *See* Decl. of Harshil Joshi, attached hereto as Exhibit B.

---

[2] In a declaration attached to their opposition, Plaintiffs contend, without any context, that a docket in an unrelated case filed in New York federal court shows that TRC was served through CSC in New York. *See* Shaw Decl. in Supp. of Pls.' Opp. ¶ 4. That contention rests, not on an admission from TRC, but a proof of service filed by a process server. *See Leslie v. Thomson Reuters Corp.*, No. 22-CV-7936 (S.D.N.Y.). As is made clear from other filings in the case, the plaintiffs had named the wrong entity as a defendant – the proper entity was Reuters News & Media Inc., *see, e.g., id.* at ECF No. 23 (motion filed behalf of "Reuters News & Media Inc., sued herein as Thomson Reuters Corporation"), and Reuters News & Media, Inc. is amenable to service in New York through CSC, *see* https://apps.dos.ny.gov/publicInquiry/. Nothing on the docket shows that service through CSC was proper *for TRC*, as the issue was waived since the proper entity was amenable to service in New York through CSC. That, of course, is not the situation here.

4

Plaintiffs cite various cases to argue they exercised reasonable diligence. Each is readily distinguishable:

- First, Plaintiffs cite *Wildcat Licensing WI LLC v. Audi AG*, 2020 WL 5798547 (D. Del. Sept. 29, 2020), to argue that despite not attempting service for over a year after the Thomson Reuters Defendants notified them the Canadian Defendants had not been served, the Court should grant them more time. Pls.' Opp. at 4–5. But in *Wildcat Licensing*, the plaintiffs actually *had* attempted to serve the foreign defendants pursuant to the Hague Convention—a process they began within one month of filing the Complaint. 2020 WL 5798547, at *1–2. When notified that service was rejected for one defendant, the plaintiffs resubmitted the documents correctly within three days. *Id*. at *2. With respect to a second defendant, the plaintiffs were not aware that the papers had been rejected until the defendant filed its motion to dismiss, and plaintiffs served the defendants the following month. *Id*. Those facts are not present here; Plaintiffs were on notice for more than a year that the Canadian Defendants had not been served and did not even attempt to serve process until *after* this motion was filed. Pls.' Opp. at 6–7.

- In *Knit With v. Knitting Fever, Inc.*, the plaintiffs served foreign defendants by mail two days after filing the complaint, believing that effort

5

complied with the Hague Convention. 2010 WL 2788203, at *3 (E.D. Pa. July 13, 2010). The court ultimately found service by mail improper in the relevant countries, but recognized that the area of law surrounding mail service under the Hague Convention was "confusing" and the plaintiff "undoubtedly had good cause to believe that the service . . . was proper and effective," especially given the "significant jurisprudence condoning that method of service on defendants." *Id.* at *12. Plaintiffs here had no good cause to believe service was proper given Defendants' repeated statements on the record to the contrary and the fact that they were not registered to do business in New York. *See* Not. of Removal ¶ 10, ECF No. 1; Appl. for Extension of Time ¶ 4, ECF No. 2; Suppl. Br. in Supp. of Mot. to Dismiss at 1 n.1, ECF No. 28; Suppl. Br. in Opp. to Mot. to Remand at 3 n.1, ECF No. 38; Pet. at A-4 n.1, *Atlas Data Privacy Corp. v. We Inform, LLC* No. 24-8047 (3d Cir. Dec. 12, 2024).

- Plaintiffs also cite *Allstate Ins. Co. v. Hewlett-Packard Co.*, 2015 WL 179041 (M.D. Pa. Jan. 14, 2015), contending their "efforts show Plaintiffs' due diligence." Pls.' Opp. at 7. In stark contrast to Plaintiffs' conduct in this case, in *Allstate*, the plaintiff attempted to serve process on the foreign defendant through South Korea's National Court Administration within two months of filing the complaint. *Allstate*, 2015 WL 179041, at *3. While

6

that attempt was rejected because the complaint had not been translated into Korean, the court declined to dismiss the case for insufficient service because the plaintiff had continuously made efforts to translate and properly serve the complaint. *Id.*

Plaintiffs also claim that the Canadian Defendants would suffer no prejudice if the Court denies their motion because the Canadian Defendants "availed themselves of these proceedings," and "participated" in certain filings and events in this case. *See* Pls.' Opp. at 8. But Plaintiffs' Opposition fails to acknowledge, let alone address, this Court's unequivocal orders providing that defendants who participated in the briefing of motions to dismiss based on facial constitutional challenges and the motion to remand would not waive *any other ground for dismissal*. Order at 16–17, ECF No. 17; Order at 16, ECF No. 30; Order at 16, ECF No. 33. Throughout that time, the Canadian Defendants consistently informed the Court and Plaintiffs in their filings that they had not been served. Therefore, it would be highly prejudicial to the Canadian Defendants if Plaintiffs are permitted to use the Canadian Defendants' *compliance* with the aforementioned orders as a reason to excuse Plaintiffs' own dilatory conduct. The effect of accepting Plaintiffs' arguments would be to punish parties who followed the Court's rules in favor of parties who admittedly did not.

Lastly, Plaintiffs argue that, even if they did not exercise due diligence, this

7

Court should exercise its discretion to permit additional time to serve the Canadian Defendants. The Court should deny such an extraordinary request, as Plaintiffs offer no lawful basis for why their lack of diligence should be rewarded. Moreover, Plaintiffs would not be prejudiced by the dismissal of the Canadian Defendants from this case because, as Plaintiffs are well aware, the Canadian Defendants are not necessary parties for this dispute. The relevant Thomson Reuters entities have been identified for them on the record, *i.e.*, Thomson Reuters Enterprise Centre GmbH ("TREC") and West Publishing Corporation ("West"). *See* Decl. of S. Fox, ECF No. 38-1 (noting that the two Canadian Defendants and two former Thomson Reuters defendants do not own, operate, maintain, or control the products at the core of this dispute, and identifying the entities who do). That was the basis for Plaintiffs agreeing to withdraw their motion to remand and substituting TREC and West into this case in the place of two former defendants. In other words, if Plaintiffs succeed on their claims, they will be able to obtain relief from the entities the Court permitted to be substituted into this case. *See* Order, ECF No. 62.

## CONCLUSION

For the foregoing reasons and the reasons in their Brief in Support of Motion to Dismiss, ECF No. 72-1, Defendants respectfully ask this Court to dismiss the claims against Canadian Defendants.

| | |
|---|---|
| Dated: April 25, 2025 | Respectfully submitted,<br><br>BALLARD SPAHR LLP<br><br>  */s/ Marcel S. Pratt*  <br>Marcel S. Pratt<br>Michael Berry<br>Jordan Meyer<br>1735 Market Street, Fl. 51<br>Philadelphia, PA 19103-7599<br>215.864.8500<br>prattm@ballardspahr.com<br>berrym@ballardspahr.com<br>meyerjl@ballardspahr.com<br><br>*Attorneys for Defendants* |

## **CERTIFICATE OF SERVICE**

      I, Marcel Pratt, hereby certify that I caused a copy of the foregoing Reply in Support of Motion to Dismiss Pursuant to Rule 12(b)(5), to be served via e-filing on April 25, 2025 to all counsel of record.


Date: April 25, 2025                                                      */s/ Marcel S. Pratt*
                                                                                      Marcel S. Pratt