IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al. | : : : | CIVIL ACTION |
| v. | : : | |
| THOMSON REUTERS CORPORATION, et al. | : : | NO. 24-4269 |

<u>MEMORANDUM</u>

Bartle, J.                                                         May 1, 2025

      Plaintiff Atlas Data Privacy Corporation and a number of John Doe plaintiffs bring this action against defendants Thomson Reuters Corporation ("TRC") and Thomson Reuters Canada Limited ("TRCL") as well as two other defendants for violations of a New Jersey statute popularly known as Daniel's Law.  It was originally filed in the Superior Court of Morris County, New Jersey on February 15, 2024 and removed to this court, based on diversity of citizenship, on March 27, 2024.  TRC and TRCL, both citizens of Canada, have moved to dismiss the complaint under Rule 12(b)(5) of the Federal Rules of Civil Procedure based on insufficient service of process.

      Daniel's Law was passed by the New Jersey legislature after the assassination of the son of United States District Judge Esther Salas at their home.  The law allows judges, prosecutors, and other law enforcement officials to request entities to remove their home addresses and unlisted telephone numbers from the internet.  If an entity fails to do so within

the time allotted, it is subject to injunctive relief, damages, attorneys' fees, and even to criminal sanctions.

On February 26, 2024 plaintiffs sought to serve TRC and TRCL by serving Corporate Service Corporation ("CSC") in Albany, New York. Plaintiffs concede that "it is now clear that CSC is not listed as an agent for process for the Foreign Defendants." Plaintiffs state in their opposing brief that CSC never notified them that it had rejected service. While that may be so, plaintiffs are silent on any effort to check beforehand with CSC as to whether it was the registered agent for TRC and TRCL for service of process.

The record demonstrates that from virtually the beginning defendants regularly notified plaintiffs in various documents filed in this case that they had not been served. On page 4 of the March 27, 2024 Notice of Removal of this action (Doc. #1), defendants advised plaintiffs that "Plaintiffs have not effectuated service upon either [TRC] or [TRCL]." In their April 1, 2024 application for an Extension of Time (Doc. #2), they state in ¶ 4 on page 2 that "the remaining defendants [Thomson Reuters Corporation and Thomson Reuters Canada Limited] have yet to be served." On June 14, 2024, defendants again apprized plaintiffs at page 1, footnote 1 of their Supplemental Brief in support of Defendants' Consolidated Motion to Dismiss Plaintiffs' Complaint (Doc #28) that service had not been made.

These defendants further made known to plaintiffs the absence of service at page 3, footnote 1 of their September 16, 2024 Supplemental Brief in Opposition to Plaintiffs' Consolidated Motion to Remand (Doc. #38).

After a status conference in this and a number of related cases in January 2025, the court ordered defendants in all cases to file any remaining pre-trial motions under Rule 12 on or before March 18, 2025.[1]  See Order (Doc. #68).  At a subsequent status conference on April 2, 2025, the court specifically raised with plaintiffs the motion of TRC and TRCL to dismiss for failure to serve them.  The conference was held two weeks after defendants filed their motion and almost fourteen months after the complaint had been filed.

It was only after the April 2025 status conference that plaintiffs endeavored to serve TRC and TRCL under the procedure outlined in the Hague Convention, to which both the United States and Canada are signatories.  Plaintiffs also recently have attempted to make service on TRC at an office in New York City, which plaintiffs state in their opposing brief is an address of TRC listed on its Securities and Exchange

---

[1] The court had previously stayed the filing of any motions except for motions to dismiss for lack of subject matter jurisdiction and motions making a factual challenge to the constitutionality of Daniel's Law.

- 3 -

Commission filing. Plaintiffs say nothing about attempting to serve TRCL at a location in the United States.

Rule 4(m) provides for a 90-day time deadline after the filing of the complaint to serve a defendant in the United States. This rule, however, does not apply to service in a foreign country. See Fed. R. Civ. P. 4(m), 4(f), and 4(h)(2). While there is no specific deadline for service outside the United States, the plaintiffs' time to effectuate such service is not unlimited. See Mitchell v. Theriault, 516 F. Supp. 2d 450, 458 (M.D. Pa. 2007). A plaintiff must act diligently or suffer dismissal. See Swift v. Pandey, No. 13-cv-650, 2023 WL 8232853 at *8-9 (D. N.J. Nov. 28, 2023). If the Hague Convention is applicable, service pursuant to its procedures is mandatory. Volkswagenwerk Aktiengesellschaft v. Schlunk, 486 U.S. 694, 699 (1988); Eli Lilly & Co. v. Roussel Corp., 23 F. Supp. 2d 460, 470 (D.N.J. 1998).

If TRC has been amendable to service in the United States, plaintiffs have slept on their rights far beyond the 90-day period of Rule 4(m). In fact, they did not attempt service at the purported New York City address of TRC until April 11, 14, and 15, 2025 even though this address was available through a public filing with the Securities and Exchange Commission. These efforts did not start until well over 400 days after the filing of the complaint and so far have been unsuccessful.

While plaintiffs attempted service on both defendants in this country by serving CSC on February 26, 2024, they give no reason why they should not have known from the outset as they now concede that CSC was not the agent of either defendant for purposes of service of process. The various filings of defendants thereafter put plaintiffs on notice beginning with the Notice of Removal on March 27, 2024 that plaintiffs had not been served. Yet plaintiffs stood idly by and did nothing.

Plaintiffs' efforts to effect service through the Hague Convention, as previously noted, only began after the status conference with the court on April 2, 2025. This conference was held well over a year after the complaint was filed. Plaintiffs do not challenge that they knew from the beginning that these defendants were Canadian entities. Again, plaintiffs were advised several times by defendants after the complaint was filed that no service had taken place. Yet they took no corrective action. The Court recognizes that the timing of service under the Hague Convention is out of the control of plaintiffs once the process is initiated. Nonetheless, the fault is with plaintiffs when they take no steps under the Hague Convention for over a year after the lawsuit is filed. This delay cannot be deemed to be in good faith.

Plaintiffs argue that they should be excused from timely service of process because defendants were well aware of

this lawsuit at least since it was removed to this court in March 2024 and participated in motion practice that occurred thereafter.  First, knowledge of an action does not substitute for or constitute waiver of service of process.  See Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 568 (3d Cir. 1996).  In addition, this court specifically ordered that initially it would allow only challenges to subject matter jurisdiction and to the constitutionality of Daniel's Law on its face.  Until these issues were decided, no party would be deemed to have waived any other defenses such as the insufficiency of service of process.  See Order (Doc. #17).

        Plaintiffs have not been diligent and have not shown excusable neglect.  Although plaintiffs contend that the defendants have not been prejudiced, our Court of Appeals has explained that the "absence of prejudice alone can never constitute good cause to excuse late service." MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995).

        The motion of defendants TRC and TRCL to dismiss this action as to them for insufficient service of process under Rule 12(b)(5) will be granted.

BY THE COURT:

/s/ Harvey Bartle III
                       J.