Marcel S. Pratt
Michael Berry
Elizabeth Wingfield
Ballard Spahr LLP
700 E Gate Dr., Suite 330
Mt. Laurel Township, NJ 08054
(856) 761-3400
prattm@ballardspahr.com
berrym@ballardspahr.com
wingfielde@ballardspahr.com

*Attorneys for Defendants Thomson*
*Reuters Enterprise Centre GmbH and*
*West Publishing Corporation*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | : : : | **CIVIL ACTION** |
| | : | **NO. 1:24-CV-04269-HB** |
| *Plaintiffs* | : : | |
| v. | : : | |
| THOMSON REUTERS CORPORATION, et al., | : : : | |
| *Defendants* | : | |

## DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants Thomson Reuters Enterprise Centre GmbH and West Publishing

Corporation (together, "Defendants"), by and through their counsel Ballard Spahr

LLP, hereby answer the Complaint of Plaintiffs Atlas Data Privacy Corporation,

Jane Doe-1, Jane Doe-2, Edwin Maldonado, Scott Maloney, Patrick Colligan, Peter Andreyev, and William Sullivan (together, "Plaintiffs") and aver as follows:

## ANSWERS TO ALLEGATIONS DENOMINATED "INTRODUCTION"

1.     Admitted in part, denied in part. Admitted only that the New Jersey legislature passed Daniel's Law. Daniel's Law is a writing that speaks for itself and the remaining allegations in this paragraph are denied to the extent they are inconsistent therewith. The allegations of this paragraph are also denied to the extent they are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

2.     Denied. Defendants are without sufficient information to admit or deny Plaintiffs' motivations for filing the Complaint and therefore deny allegations regarding the same for lack of knowledge. The remaining allegations are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

3.     Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants specifically deny having ever "disregard[ed] the law."

4.     Denied. Defendants are without sufficient information to admit or deny Plaintiffs' motivations for filing the Complaint and therefore deny allegations regarding the same for lack of knowledge. The Complaint is a writing that speaks

for itself and the allegations in this paragraph are denied to the extent they are inconsistent therewith. The remaining allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

**ANSWERS TO ALLEGATIONS DENOMINATED "BACKGROUND"**

5.    Admitted in part, denied in part.  It is admitted that Judge Ester Salas's 20-year-old son Daniel Anderl was tragically murdered and her husband was critically wounded at their home in July 2020. Defendants are without sufficient information to admit or deny the remaining allegations in this paragraph and therefore deny the same.

6.    Denied. Defendants are without sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

7.    Denied. Defendants are without sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

8.    Admitted in part, denied in part. Admitted only that the New Jersey legislature passed Daniel's Law. Daniel's Law is a writing that speaks for itself and the remaining allegations in this paragraph are denied to the extent they are inconsistent therewith. The allegations of this paragraph are also denied to the extent they are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

9.    Denied. Daniel's Law is a writing that speaks for itself and the allegations in this paragraph are denied to the extent they are inconsistent therewith. The allegations of this paragraph are also denied as conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

10.    Denied. Defendants are without sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

11.    Denied. The federal bill is a writing that speaks for itself and the allegations in this paragraph are denied to the extent they are inconsistent therewith.

12.    Admitted.

13.    Denied. Defendants are without sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

14.    Denied. Defendants are without sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

## ANSWERS TO ALLEGATIONS DENOMINATED "THE PARTIES"

15.    Denied. Defendants are without sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

16.    Denied. Defendants are without sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

17.     Denied. Defendants are without sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

18.     Denied. Defendants are without sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

19.     Denied. Defendants are without sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

20.     Denied. Defendants are without sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

21.     Denied. Defendants are without sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

22.     Denied. Defendants are without sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

23.     Denied. Defendants are without sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

24.     Denied. Defendants are without sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

25.     Admitted in part; denied in part. Admitted that Plaintiff Atlas Data Privacy Corporation is a Delaware corporation. Defendants are without sufficient information to admit or deny the remaining allegations in this paragraph and therefore deny them.

26.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

27.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

28.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

29.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants specifically deny not having complied with Daniel's Law.

30.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

31.    Denied. Defendants are without sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

32.    Denied. Defendants are without sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

33.     Denied. Defendants are without sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

34.     Denied. Defendants are without sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

35.     Denied. Defendants are without sufficient information to admit or deny the allegations in this paragraph and therefore deny the same.

36.     Denied. Defendants are without sufficient information to admit or deny Plaintiffs' motivations in bringing suit nor how Plaintiffs will or will not interact with the Court and Defendants, and therefore deny the allegations in this paragraph.

37.     Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.  By way of further answer, Thomson Reuters Corporation is a not a party to this case.

38.     Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.  By way of further answer, Thomson Reuters Holdings Inc. is a not a party to this case.

39.     Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny

the allegations.  By way of further answer, Thomson Reuters Canada Limited is a not a party to this case.

40.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.  By way of further answer, Thomson Reuters Applications Inc. is a not a party to this case.

41.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

42.    Denied.

43.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

44.    Denied. Daniel's Law is a writing that speaks for itself and the allegations in this paragraph are denied to the extent they are inconsistent therewith. The allegations of this paragraph are also denied as conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

## ANSWERS TO ALLEGATIONS DENOMINATED "JURISDICTION AND VENUE"

45.     Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

46.     Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

## ANSWERS TO ALLEGATIONS DENOMINATED "FACTS COMMON TO ALL COUNTS"

47.     Admitted only that Daniel's Law was enacted in November 2020.

48.     Denied. Daniel's Law is a writing that speaks for itself and the allegations in this paragraph are denied to the extent they are inconsistent therewith. The allegations of this paragraph are also denied as conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

49.     Denied. Daniel's Law is a writing that speaks for itself and the allegations in this paragraph are denied to the extent they are inconsistent therewith. The allegations of this paragraph are also denied as conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

50.    Denied. Daniel's Law is a writing that speaks for itself and the allegations in this paragraph are denied to the extent they are inconsistent therewith. The allegations of this paragraph are also denied as conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

51.    Admitted.

52.    Denied. Daniel's Law is a writing that speaks for itself and the allegations in this paragraph are denied to the extent they are inconsistent therewith. The allegations of this paragraph are also denied as conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

53.    Denied. Daniel's Law is a writing that speaks for itself and the allegations in this paragraph are denied to the extent they are inconsistent therewith. The allegations of this paragraph are also denied as conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

54.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

55.    Denied. The allegations in this paragraph concern a writing that speaks for itself and the allegations are denied to the extent they are inconsistent therewith.

56.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants specifically deny that they ever failed to comply with Daniel's Law.

57.    Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

58.    Denied. The Complaint is a writing that speaks for itself and the allegations in this paragraph are denied to the extent they are inconsistent therewith. Defendants specifically deny that they ever failed to comply with Daniel's Law.

**ANSWERS TO ALLEGATIONS DENOMINATED "COUNT ONE"**

59.    Defendants repeat and incorporate by reference its answers to Paragraphs 1 through 58 as if fully set forth herein.

60.    Denied. This paragraph concerns writings that speak for themselves and the allegations in this paragraph are denied to the extent they are inconsistent therewith. The allegations in this paragraph are further denied as legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

61.     Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations.

62.     Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants specifically deny being out of compliance with Daniel's Law.

63.     Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants specifically deny having violated Daniel's Law.

64.     Denied. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations. Defendants specifically deny having violated Daniel's Law.

## **SEPARATE AND AFFIRMATIVE DEFENSES**

Defendants state the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiffs. Defendants reserve the right to assert such additional defenses that may become applicable during the course of this litigation.

12

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent any of the allegations – including headings included in the Complaint – are not specifically admitted, Defendants deny each and every such allegation.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because at all times relevant to this matter, Defendants acted in good faith and complied with all applicable laws, including Daniel's Law.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or part, by the doctrines of laches, waiver, and/or estoppel.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of collateral estoppel, *res judicata*, entire controversy, and/or issue preclusion.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because one or more Plaintiffs lack standing to pursue their claims.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Atlas Data Privacy Corporation is not an appropriate assignee under Daniel's Law for one or more of the assignors, and the assignments are otherwise invalid.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because of impossibility of performance.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' failure to mitigate damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not suffered any damages proximately caused by Defendants' actions, and Plaintiffs' claims are barred completely, or in part, for failure to show "actual damages" as required by N.J.S.A. 56:8-166.1(c)(1).

## TWLEFTH AFFIRMATIVE DEFENSE

The alleged damages sustained by Plaintiffs, if any, were caused by the conduct of third parties over whom Defendants had no control.

### THIRTEENTH AFFIRMATIVE DEFENSE

Daniel's Law may not be enforced against Defendants because it facially violates the United States and/or New Jersey Constitutions. Alternatively, application of Daniel's Law against Defendants under the facts of this case would violate the United States and/or New Jersey Constitutions.

### FOURTEENTH AFFIRMATIVE DEFENSE

Daniel's Law may not be enforced against Defendants because it is preempted by federal law, including but not limited to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*; the Gramm-Leach-Bliley Act, 15 U.S.C § 6801 *et seq*; and the Driver's Privacy Protection Act, 18 U.S.C.A. § 2724 *et seq.*

### FIFTEENTH AFFIRMATIVE DEFENSE

Daniel's Law may not be enforced against the Defendants because they are immune from suit under Section 230 of the Communications Decency Act.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' own acts or omissions are the cause of any alleged loss.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants did not at any time willfully, intentionally, knowingly, or negligently fail to comply with applicable law.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of comparative and/or contributory negligence.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of assumption of risk.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred to the extent that they have failed to satisfy any condition precedent to suit.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims for liquidated damages fail to the extent that such damages would constitute an impermissible penalty and/or fail to reasonably relate to any claimed actual damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages fail to the extent that the Complaint states no facts in support of a claim for punitive damages and/or to the extent that such damages would be inconsistent with state or federal constitutional principles.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants are subject to one of the enumerated exceptions to Daniel's Law defined in N.J.S.A 47:1B-1-3.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' actions constitute entrapment.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent Defendants are found to be liable to Plaintiffs, Defendants are entitled to equitable indemnification.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for injunctive relief fail to the extent that they have not set forth any basis for such relief.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because they are frivolous.

### TWENTHY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not comply with the obligations of Daniel's Law to trigger any obligations by Defendants under Daniel's Law.

### PRAYER FOR RELIEF

**WHEREFORE**, Defendants respectfully request that judgment be entered in their favor and against Plaintiffs, and that they be awarded their costs and disbursements in this action, including reasonable attorneys' fees, and such other relief as the Court deems just and proper.

## **JURY DEMAND**

Defendants hereby demand a trial by jury on all issues in the Complaint that are triable by jury.

## **CERTIFICATION PURSUANT TO L.R. 11.2**

I hereby certify that to my knowledge, the matter in controversy is not the subject of any other action in any court or other pending arbitration or administrative proceeding.


Date: October 3, 2025                    */s/ Marcel S. Pratt*
                                         Marcel S. Pratt
                                         Michael Berry
                                         Elizabeth Wingfield
                                         Ballard Spahr LLP
                                         700 E Gate Dr., Suite 330
                                         Mt Laurel Township, NJ 08054
                                         (856) 761-3400
                                         prattm@ballardspahr.com
                                         berrym@ballardspahr.com
                                         wingfielde@ballardspahr.com

                                         *Attorneys for Defendants Thomson*
                                         *Reuters Enterprise Centre GmbH and*
                                         *West Publishing Corporation*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| ATLAS DATA PRIVACY | : | **CIVIL ACTION** |
| CORPORATION, et al., | : | |
| | : | **NO. 1:24-CV-04269** |
| *Plaintiffs* | : | |
| | : | |
| v. | : | |
| | : | |
| THOMSON REUTERS | : | |
| CORPORATION, et al., | : | |
| | : | |
| *Defendants* | : | |

## <u>CERTIFICATE OF SERVICE</u>

I, Elizabeth Wingfield, hereby certify that on this date, I caused a true and correct copy of the foregoing Defendants' Answer to Plaintiffs' Complaint to be served on all counsel of record via ECF filing.


                                */s/ Elizabeth Wingfield*

Date: October 3, 2025             Elizabeth Wingfield

19