**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *as assignee of individuals who are Covered Persons*, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THOMSON REUTERS, *et al.*,<br><br>Defendants. | Civil Action No. 1:24-cv-04269<br><br><br><br>**CONFIDENTIALITY ORDER** |

The above-captioned action (the "Action") is one of numerous individual matters filed against different entities and currently pending before this Court alleging violations of Daniel's Law, N.J.S.A. 56:8-166.1, *et seq.*[1] It appearing that discovery in this Action is likely to involve the disclosure of confidential or sensitive information, including material properly designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," "ATTORNEYS' EYES ONLY— COMPETITOR INFORMATION", and "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY" under this Order, and the Parties having agreed that the following restrictions and procedures shall govern the handling of certain information, documents, excerpts from documents, and deposition testimony exchanged and/or provided in this Action pursuant to the Federal Rules of Civil Procedure and District of New Jersey Local Civil Rules; and the Court agreeing that the measures described herein are appropriate to protect from disclosure any confidential, sensitive, and/or privileged information; and that good cause exists for the entry of this Order; **IT IS** on this ___ day of **APRIL**, **2026**, **ORDERED** that:

1.    Any party in this Action and any non-party providing information in the Action (hereinafter "non-party") shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3. Any party to this Action or non-party covered by this Order, who produces or discloses any Confidential material, including without limitation

---

[1] The matters are being case managed together for administrative efficiency only. They have not been consolidated, and each action remains separate for all purposes.  A confidentiality order is being entered separately in each matter.  References to "the above-captioned Action" or the "Action" refer to the specific Action in which the confidentiality order is entered.

any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL– SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Confidential Material").

2.    Any party in this Action and any non-party shall have the right to designate as "Attorneys' Eyes Only" or "Attorneys' Eyes Only—Competitor Information" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this Action or any non-party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only Material"). In addition, any party or non-party may designate as "ATTORNEYS' EYES ONLY— COMPETITOR INFORMATION" any information, document, thing, or portion thereof that could reveal information that provides the party with a competitive advantage. This is particularly important in this Action, because other defendants in the Daniel's Law Cases (non-Actions) may offer products and services that compete with the products and services of the Defendant in this Action.  As a result, the Defendant in this Action shall have the right to use the Attorneys' Eyes Only-Competitor Information designation.  Any party or Non-Party producing or disclosing Competitor Information Material shall mark it with the legend "ATTORNEYS' EYES ONLY— COMPETITOR INFORMATION" or "ATTORNEYS' EYES ONLY—COMPETITOR INFORMATION—SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter, "Attorneys' Eyes Only-Competitor Information" or "Competitor Information").

3.    Any party to this Litigation and any non-party shall have the right to designate as "Highly Confidential - Outside Counsel Only" extremely sensitive information or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. For information designated as Highly Confidential – Outside Counsel Only, the person so designating has a good faith belief that the subject information is extremely sensitive and its disclosure to anyone other than outside counsel would create a substantial risk of serious harm that could not be avoided by less restrictive means. Any party to this Litigation or any non-party that is covered by this Confidentiality Order that produces or discloses any Highly Confidential-Outside Counsel Only material, including without limitation, any information, document, thing, interrogatory answer, admission, pleading, or testimony shall mark the same with the foregoing or similar legend: "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Outside Counsel Only").

4.    All Confidential Material, Attorneys' Eyes Only Material, Competitor Information, and Outside Counsel Only material shall be used by the receiving party solely for purposes of the prosecution or defense of this Action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those individuals set forth in Paragraphs 5-6 (Confidential Material); Paragraphs 7-8 (Attorneys' Eyes Only Material); Paragraphs 9-10 (Competitor Information Material), or Paragraphs 12-13 (Outside Counsel Only Material) unless and until the restrictions herein are

2

removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to this Action based on his or her evaluation of Confidential Material, Attorneys' Eyes Only Material, Competitor Information Material, and Outside Counsel Only material, provided that such advice and opinions do not reveal the content of such Confidential Material, Attorneys' Eyes Only Material Competitor Information, or Outside Counsel Only material except by prior written agreement of counsel for the parties, or by Order of the Court.

5.    Confidential Material and the contents of Confidential Material may be disclosed only to the following individuals under the following conditions:

(a)    Outside counsel (herein defined as any attorney at the parties' outside law firms, which firms have appeared in this Action);

(b)    Relevant In-house counsel of the parties who are necessary for the prosecution or defense of this Action;

(c)    Outside experts or consultants retained by outside counsel for purposes of this Action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties;

(d)    Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(e)    The Court and court personnel;

(f)    Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

(g)    Vendors who have been retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings in this Action, and who have signed a non-disclosure agreement in the form attached hereto as Exhibit A including, but not limited to, court reporters, action support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

(h)    The parties. In the case of parties that are corporations or other entities, "party" shall mean executives who are required to participate in decisions with reference to this Action or are persons necessary for the prosecution or defense of this Action; and

(i)    Mediators, arbitrators, discovery adjudicators, or other neutral third parties retained by agreement of the parties or appointment by the Court in

connection with this Action, as well as their staff and any stenographic, clerical, or administrative personnel whose duties and responsibilities require access to such materials.

6. Confidential Material shall be used only by individuals permitted access to it under Paragraphs 5 and 10. Confidential Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality in writing, or (b) the Court orders such disclosure.

7. Attorneys' Eyes-Only Material and the contents of Attorneys' Eyes-Only Material may be disclosed only to the following individuals under the following conditions:

(a) Outside counsel (herein defined as any attorney at the parties' outside law firms, which firms have appeared in this Action);

(b) Relevant in-house counsel of the parties who are necessary for the prosecution or defense of this Action;

(c) Outside experts or consultants retained by outside counsel for purposes of this Action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties;

(d) Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(e) The Court and court personnel;

(f) Any deponent may be shown or examined on any information, document or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a copy of it, or was employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

(g) Vendors who have been retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings, and who have signed a non-disclosure agreement in the form attached hereto as Exhibit A including, but not limited to, court reporters, action support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; to such other persons as counsel for the producing party agrees or as ordered by the Court; and

(h) Mediators, arbitrators, discovery adjudicators, or other neutral third parties retained by agreement of the parties or appointment by the Court in connection with this Action, as well as their staff and any stenographic,

4

clerical, or administrative personnel whose duties and responsibilities require access to such materials.

8. Attorneys' Eyes Only Material shall be used only by individuals permitted access to it under Paragraphs 7 and 10. Attorneys' Eyes Only Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

9. Attorneys' Eyes Only—Competitor Information Material and the contents of Attorneys' Eyes Only—Competitor Information Material may be disclosed only to the following individuals under the following conditions:

(a) Plaintiff Atlas Data Privacy Corporation and its In-house counsel;

(b) Plaintiffs' Outside counsel (herein defined as any attorney of Plaintiffs' outside law firm which has entered an appearance in this Action only);

(c) Defendants' Outside counsel (herein defined as any attorney of any Defendant's outside law firm, which has entered an appearance in this Action only);

(d) Outside experts or consultants retained by outside counsel for purposes of this Action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties;

(e) Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(f) The Court and court personnel;

(g) Vendors who have been retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings, and who have signed a non-disclosure agreement in the form attached hereto as Exhibit A including but not limited to, court reporters, action support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

(h) Mediators, arbitrators, discovery adjudicators, or other neutral third parties retained by agreement of the parties or appointment by the Court in connection with this Action, as well as their staff and any stenographic, clerical, or administrative personnel whose duties and responsibilities require access to such materials.

10.     Outside counsel representing a defendant in another Daniel's Law case who has not appeared in this Action ("non-action matter") may access Confidential, Attorneys' Eyes Only, Attorneys' Eyes Only-Competitor Information, or Outside Counsel Only material only as part of a court proceeding or joint filing involving both this Action and a non-action matter and/or a joint deposition that has been noticed in both this Action and a non-action matter.

11.     Attorneys' Eyes Only—Competitor Information Material shall be used only by individuals permitted access to it under Paragraphs 9 and 10. Attorneys' Eyes Only—Competitor Information Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure. With respect to any deposition or joint court conference that involves the disclosure of Attorneys' Eyes Only—Competitor Information Material, all individuals and parties not entitled to such information shall leave the courtroom or room in which a deposition is conducted for the portion of time that Attorneys' Eyes Only—Competitor Information Material is being discussed and any transcript from a deposition or court conference addressing such Attorneys' Eyes Only—Competitor Information Material requested by an individual or party not otherwise identified in Paragraph 9 of this Order shall have the Attorneys' Eyes Only—Competitor Information Material redacted. In other words, the portion of any transcript containing Attorneys' Eyes Only—Competitor Information Material shall not be disclosed to any individual other than the individuals described in Paragraph 9 and 10. Moreover, upon being informed that certain portions of a deposition are to be designated as Attorneys' Eyes Only—Competitor Information Material, all parties described in Paragraph 9 and 10 who receive a transcript shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 9 and 10.

12.     Outside Counsel Only material and the contents of Outside Counsel Only material may be disclosed only to the following individuals under the following conditions:

(a) Outside counsel (herein defined as any attorney of Plaintiffs' outside law firm which has entered an appearance in this Litigation only, or any attorney of Defendants' outside law firm that has entered an appearance in this Litigation only);

(b) Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A or such other form as may be agreed by the parties;

(c) Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

(d) The Court and court personnel;

(e) Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings, and that have signed a non-disclosure agreement in the form attached hereto as Exhibit A including but not limited to, court reporters, litigation

6

support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

(f) Mediators, arbitrators, discovery adjudicators, or other neutral third parties retained by agreement of the parties or appointment by the Court in connection with this action, as well as their staff and any stenographic, clerical, or administrative personnel whose duties and responsibilities require access to such materials.

(g) Any deponent may be shown or examined on any information, document or thing designated Outside Counsel Only if it appears that the witness authored or received a copy of it, or was employed by the party that produced the information, document, or thing, or if the producing party consents to such disclosure.

13.       Outside Counsel Only material shall be used only by individuals permitted access to it under Paragraph 12. Outside Counsel Only material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party or non-party asserting confidentiality waives the claim of confidentiality or (b) the Court orders such disclosure.

14.       With respect to any depositions that involve a disclosure of Confidential Material or Attorneys' Eyes Only Material, Attorneys' Eyes Only—Competitor Information, or Outside Counsel Only material of a party or non-party, such party or non-party may designate the entire transcript as Confidential, Attorneys' Eyes Only, Attorneys' Eyes Only—Competitor Information, or Outside Counsel Only material either on the record during the deposition or in advance thereof, or, in the alternative, may designate specific portions of the transcript as Confidential, Attorneys' Eyes Only, Attorneys' Eyes Only—Competitor Information, and/or or Outside Counsel Only material by identifying the applicable page and line numbers within thirty (30) days after receipt of the transcript, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 5 for Confidential Material, Paragraph 7 for Attorneys' Eyes-Only Material, Paragraph 9 for Attorneys' Eyes Only—Competitor Information Material, Paragraphs 12 and 13 for Outside Counsel Only material, or Paragraph 10 and the deponent during these thirty (30) days or any extended period as agreed upon by the parties, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 5 for Confidential Material, Paragraph 7 for Attorneys' Eyes-Only Material, Paragraph 9 for Attorneys' Eyes Only—Competitor Information Material,  Paragraphs 12 and 13 for Outside Counsel Only material, or Paragraph 10, during said thirty (30) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, Attorneys' Eyes Only, Attorneys' Eyes Only—Competitor Information, or Outside Counsel Only material, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 5 through 13.

15.       If counsel for a party receiving documents or information designated as Confidential, Attorneys' Eyes Only, Attorneys' Eyes Only—Competitor Information, or

Outside Counsel Only material hereunder objects to such designation of any or all of such items, the following procedure shall apply:

(a)    Counsel for the objecting party shall serve on the designating party or non-party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or non-party shall respond in writing to such objection within 14 days, and shall state with particularity the grounds for asserting that the document or information is Confidential, Attorneys' Eyes Only, Attorneys' Eyes Only— Competitor Information ,or Outside Counsel Only material. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

(b)    If a dispute as to a Confidential, Attorneys' Eyes Only,  Attorneys' Eyes Only—Competitor Information, or Outside Counsel Only material designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

16.    Any document designated Confidential, Attorneys Eyes Only, or Attorneys' Eyes Only—Competitor Information, or Outside Counsel Only material by a party or non-party and which is to be filed with the Court shall be filed under seal, in accordance with Local Civil Rule 5.3.

17.    All personally identifiable information, including home address or phone numbers of plaintiffs or assignors, regardless of source, shall be designated as "Confidential" and shall only be filed with the Court under seal pursuant to Local Civil Rule 5.3.

18.    If the need arises during trial or at any hearing before the Court for any party to disclose Confidential, Attorneys' Eyes Only, Attorneys' Eyes Only—Competitor Information Material, and/or Outside Counsel Only material it may do so only after giving notice to the producing party and as directed by the Court.

19.    Data Breach. If a party learns that material that party received in discovery pursuant to this Confidentiality Order has been the subject of a data breach, that party must promptly notify the producing party of the breach, and cooperate with that party to address the breach.

20.    As related to Confidential Material, Attorneys' Eyes Only Material, Attorneys' Eyes Only—Competitor Information Material, or Outside Counsel Only material,

if a Receiving Party utilizes any external artificial intelligence tool, that tool must operate within an enterprise-grade, commercial-tier, or comparably closed organizational environment which (a) prohibits the use of inputs by the artificial intelligence provider to train any model or for any purpose other than providing the service to the Receiving Party in connection with the Action and (b) permits the Receiving Party, at the conclusion of the Action, to delete and remove all the Producing Party's Confidential Material, Attorneys' Eyes Only Material, Attorneys' Eyes Only—Competitor Information Material, or Outside Counsel Only material.

21.     The inadvertent or unintentional disclosure of Confidential, Attorneys' Eyes Only, Attorneys' Eyes Only—Competitor Information, or Outside Counsel Only material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's or non-party's claim that it is Confidential, Attorneys' Eyes Only, Attorneys' Eyes Only—Competitor Information Material, or Outside Counsel Only material either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential, Attorneys' Eyes Only, Attorneys' Eyes Only—Competitor Information, or Outside Counsel Only material within a reasonable time from discovery of the error. Such notice shall constitute a designation of the information, document or thing as Confidential, Attorneys' Eyes Only, Attorneys' Eyes Only—Competitor Information, or Outside Counsel Only material under this Confidentiality Order.

22.     The production of any information, document, or thing in this Action shall not constitute a waiver of any attorney-client privilege or work-product protection that may be asserted by the producing party either in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). When the production or disclosure of any information, document, or thing protected by attorney-client privilege or work-product protection is discovered by or brought to the attention of the producing party, the treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). That treatment shall be deemed to comply with any obligations the producing party would otherwise have had pursuant to Fed. R. Evid. 502(b) or under the common law. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of attorney-client privilege or work-product protection after receiving notice of the production or disclosure of any information, document, or thing that is subject to a claim of attorney-client privilege or work-product protection.

23.     If a non-party serves a party in this Action with a request, subpoena, or order ("demand") for disclosure of Confidential, Attorneys' Eyes Only, Attorneys' Eyes Only—Competitor Information Material, or Outside Counsel Only material the party receiving the demand, if not prohibited under applicable law, shall promptly deliver a copy of the demand to the designating party's counsel, and shall notify the party who served the request that some or all of the materials sought by the request are subject to this Confidentiality Order. The party receiving the demand shall not disclose any Confidential, Attorneys' Eyes Only, Attorneys'

Eyes Only—Competitor Information Material, or Outside Counsel Only material prior to the date specified for disclosure, or prior to resolution of any dispute regarding production of such material in response to the request, whichever is later. In its sole discretion and at its own cost, the designating party may oppose or seek to limit the demand in any legal manner. The party who received the demand shall not oppose or otherwise interfere with the designating party's actions.

24.     No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non- confidential basis, shall be deemed or considered to be Confidential, Attorneys' Eyes Only,  Attorneys' Eyes Only—Competitor Information Material, or Outside Counsel Only material  under this Confidentiality Order.

25.     This Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

26.     This Confidentiality Order shall survive the termination of this Action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties filed with the Court.

27.     The Parties further agree that Defendant shall be permitted to take discovery from plaintiffs, Jane Doe-1 and Jane Doe-2, in the same manner that discovery is sought from any plaintiff in the Daniel's Law Cases. The Parties agree that Jane Doe-1 and/or Jane Doe-2, and any third party and/or non-party, shall be permitted to designate information, documents, and things related to Jane Doe-1 and/or Jane Doe-2 as "Confidential," or "Attorneys' Eyes—Only" and such information, documents and things shall be treated as "Confidential" and/or "Attorneys' Eyes—Only" in accordance with the terms of this Confidentiality Order.

28.     Upon final conclusion of this Action, each party or other individual subject to the terms hereof shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential or Attorneys' Eyes Only,  Attorneys' Eyes Only—Competitor Information, or Outside Counsel Only material or to securely and permanently destroy all copies of such material that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential,  Attorneys' Eyes Only,  Attorneys' Eyes Only—Competitor Information, or Outside Counsel Only material; provided, however, that counsel may retain complete copies of all transcripts and court filings, including any exhibits attached thereto, for archival purposes, subject to the provisions of this Confidentiality Order. To the extent a party requests the return of Confidential or Attorneys' Eyes—Only, Attorneys' Eyes Only—Competitor Information, or Outside Counsel Only material—from the Court after the final conclusion of this Action, including the exhaustion of all appeals therefrom and all related proceedings, the party shall file a motion seeking such relief.

10

29.    Notwithstanding anything to the contrary, the court, after notice, may modify or vacate this order in the interest of justice.

**IT IS SO ORDERED.**

Dated: _____    _____
                                                    HON. HARVEY BARTLE III, U.S.D.J.

**EXHIBIT A**

**UNITED STATES DISTRICT
COURT DISTRICT OF NEW JERSEY**

Plaintiff,

vs.

Defendant.

Civil Action No. ＿＿ Civ. ＿＿＿ (XXX)

**AGREEMENT TO BE BOUND BY
CONFIDENTIALITY ORDER**

I, ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿, being duly sworn, state that:

1.     My address is ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿.

2.     My present employer is ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿ and the address of my present employment is ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿.

3.     My present occupation or job description is ＿＿＿＿＿＿＿＿＿

4.     I have carefully read and understood the provisions of the Confidentiality Order in this case signed by the Court, and I will comply with all provisions of the Confidentiality Order.

5.     I will hold in confidence and not disclose to anyone not qualified under the Confidentiality Order any Confidential Material or Attorneys' Eyes Only Material or Attorneys' Eyes Only—Competitor Information Material or Outside Counsel Only Material, or any words, summaries, abstracts, or indices of such materials that are disclosed to me.

6.     I will limit use of Confidential Material or Attorneys' Eyes Only Material or Attorneys' Eyes Only—Competitor Information Material or Outside Counsel Only Material disclosed to me solely for purpose of this Action.

7.     No later than the final conclusion of this Action, I will return all Confidential Material, Attorneys' Eyes Only Material, Attorneys' Eyes Only—Competitor Information Material, and Outside Counsel Only Material, and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ＿＿＿＿＿＿＿＿＿＿     ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿[Name]

Exhibit A