Ballard Spahr LLP

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

Marcel Pratt
Tel: 215.864.8506
Fax: 215.864.8999
prattm@ballardspahr.com

September 4, 2026

*By Electronic Filing*

Hon. Harvey Bartle, III, U.S.D.J.
United States District Court for the
District of New Jersey (by designation)
c/o United States District Court for
the Eastern District of Pennsylvania
16614 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

Re: *Atlas Data Privacy Corp., et. al. v. Thomson Reuters Corp., et. al.*, 1:24-CV-04269 (D.N.J.) Response in Opposition to Plaintiffs' Letter Motion to Compel (ECF 150)

Dear Judge Bartle:

On behalf of Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation ("Thomson Reuters"), we write in opposition to Plaintiffs' letter motion to compel (ECF 150, the "Motion"). Many of the allegations are flatly contradicted by the attached written correspondence and, even if true, would not constitute a violation of Local Rule or Court Order. Thus, the Motion should be denied.

**FACTUAL BACKGROUND**

On July 30, 2026, this Court entered an order (the "Order") requiring the parties to proceed with written discovery. ECF 146. During the preceding status conference, the Court suggested that discovery conferences regarding electronically stored information anticipated by Local Rule (the "ESI conference") could be held in "a little over a month" from that time. *See* ECF 150-2 40:6-14. However, the Order itself is silent as to the ESI conferences and does not set a time frame in which the parties are to hold them.

On August 3, 2026, counsel for Plaintiffs emailed asking for Thomson Reuters' "availability for an ESI conference with client representatives who are knowledgeable about the relevant systems and databases." Ex. A (Aug. 3, 2026 email from J. Merejo). Thomson Reuters responded proposing a date for the ESI conference (August 24), to which Plaintiffs agreed. Thomson Reuters also noted that they did not intend to have a client representative at the

upcoming conference, as the applicable Local Rule does not require it. *Id.* (Aug. 10, 2026 email form E. Wingfield). Plaintiffs responded admitting that there is "no formal order on this point" but arguing it would be more efficient to have a client representative at the conference. *Id.* (Aug. 11, 2026 email from J. Merejo). Thomson Reuters did not agree to make a client representative available at the conference.

Prior to the mutually agreed upon date for the ESI conference, the New Jersey Supreme Court reached a decision on the mental state requirement in Daniel's Law, N.J.S.A. 56:8-166.1. Given that question's import on the constitutionality of the statute—a question currently before the Third Circuit—Thomson Reuters asked for a stay of discovery. ECF 147. Plaintiffs responded by proposing that all deadlines be stayed for 90 days, and that "[t]he parties will continue to conduct ESI conferences and meet and confers . . . during the 90 day extension period". ECF 148 at 2-3. Thomson Reuters did not agree to Plaintiffs' proposal.

In light of that then-pending motion to stay, on August 21, Thomson Reuters asked Plaintiffs to cancel the August 24 conference. Ex. A (Aug. 21 11:23 a.m. email from E. Wingfield). Plaintiffs counsel responded that they had asked the Court for ESI conferences to continue. *Id.* (August 21 2:45 p.m. email from J. Merejo). Thomson Reuters responded asking that the parties wait for the ruling on the then-pending motion to stay and noting that "[u]nder your proposal, the parties have 90 days to confer, so even if that were granted, we have plenty of time to connect." *Id.* (Aug. 21 3:23 p.m. email from E. Wingfield). Signaling agreement, ***Plaintiffs canceled the ESI conference on the parties' calendars***. Ex. B.

After this Court denied the motion to stay, ECF 149, on August 27, Plaintiffs asked for Thomson Reuters availability for an ESI conference the following day. Ex. A (Aug. 27 email from J. Merejo). Before Thomson Reuters responded and without advising that they intended to file a motion to compel, Plaintiffs filed the Motion on August 28—***one day after asking Thomson Reuters for their availability***. The Motion contains notable factual errors as to Thomson Reuters—including allegations that Thomson Reuters has not followed the Order and that Thomson Reuters "unilaterally adjourned" the previously-scheduled ESI conference. *See* ECF 150-3 at 5. As set forth above, neither allegation is accurate.

On August 31, Thomson Reuters asked Plaintiffs to withdraw the Motion as to Thomson Reuters due to Plaintiffs' failure to meet and confer and the factual inaccuracies therein. Thomson Reuters also offered to participate in an ESI conference with Plaintiffs on or after September 9. Ex. C (Aug. 31, 2026 email from M. Pratt). Plaintiffs refused to withdraw the Motion, and attempted to excuse Plaintiffs' failure to meet and confer by stating that "defendants' failed to comply with the very rules you now reference with the motion for a stay that was denied." Ex. C (Aug. 31, 2026 email from R. Parikh).

As of the date of this Opposition, the parties are working to find a mutually agreeable date for the ESI conference. *See generally id.* Notably, Plaintiffs committed to "circle back at some point tomorrow [September 3]" but never did. *See id.* (Sept. 2 email from R. Parikh).

## ARGUMENT

At the outset, the Motion may be denied because Plaintiffs failed to meet and confer with Thomson Reuters prior to filing it, as required by L.R. 37.1(b)(1) and Your Honor's Policies and Procedures. It is unfortunate that Plaintiff did not adhere to its obligations to meet and confer prior to engaging in motion practice, as doing so likely would have obviated the need to involve the Court. Indeed, the primary relief Plaintiffs seek—namely, a two-week extension of discovery deadlines—is not objectionable to Thomson Reuters and could have been proposed by stipulation.

Moreover, the substance of the Motion as against Thomson Reuters is meritless and may also be denied on that basis. As to Thomson Reuters, Plaintiffs raise two grievances: that an ESI conference has not yet occurred, and that Thomson Reuters has not agreed to have a "client representative" at the conference. ECF 150-3 at 5-6. Both lack basis in law and fact.

### A. Neither the Local Rules nor the Order of this Court Require That Plaintiffs Be Allowed to Interview a Client Witness During An ESI Conference.

There is no Rule or Court Order requiring a client representative to be present at an ESI conference, so Thomson Reuters' refusal to make one available cannot support the Motion. Thomson Reuters is concerned that Plaintiffs' insistence at having a client representative present at the ESI conference is an attempt to gain information through an interview outside of the protections of more formal discovery procedures—such as interrogatories or depositions.

L.R. 26(d) requires parties to meet and confer regarding certain topics concerning "computer based and other digital discovery matters." In advance of this ESI conference, the Rule explicitly requires counsel to confer with their ***own*** client. L.R. 26(d)(1) ("counsel shall review with the client the client's information management systems . . . . counsel shall further review with the client the client's information files"). The Rule further requires that "[c]ounsel shall also identify a person or persons with knowledge about the client's information management systems, including computer-based and other digital systems, with the ability to facilitate, ***through counsel***, reasonably anticipated discovery." L.R. 26 (d)(1) (emphasis added). Nowhere does the Rule say or imply that a client representative should be present at the ESI conference. In fact, the Rule explicitly notes that the person with knowledge about the client's information systems should facilitate discovery ***through their own counsel***. The Order also does not impute any requirement for a client representative to be present at the ESI conference.

Thus, because Thomson Reuters' refusal to subject a representative to questioning at an ESI conference does not violate either Local Rule or Court Order, to the extent Plaintiff bases its Motion on that refusal, the Motion should be dismissed.

**B. Thomson Reuters Has Never Refused to Schedule the ESI Conference, and Thus Has Not Violated Court Order or Local Rule**

Thomson Reuters has not refused to participate in an ESI conference and the fact that the conference has not yet occurred is not due to any unilateral action of Thomson Reuters, nor does it violate the Order or Local Rule. Regardless, Thomson Reuters has proposed dates for the ESI conference, such that this issue is now moot. *See Lohr v. Kimmel & Silverman, P.C.*, No. 10-5857, 2011 U.S. Dist. LEXIS 118683, at *3 (E.D. Pa. Oct. 14, 2011) (Bartle, J.) (denying motion to compel as to requested information that had been produced).

As set forth above, Thomson Reuters willingly scheduled an ESI conference after Plaintiffs' initial outreach. Ex. A (Aug. 10, 2026 email form E. Wingfield). In light of the then-pending motion to stay, Thomson Reuters suggested that the parties cancel the conference, a proposal with which Plaintiffs apparently agreed as they then canceled the event on the parties' calendars. Ex. B. After this Court denied the motion to stay, Plaintiffs asked Thomson Reuters to reschedule the ESI conference. Ex. A (Aug. 27 email from J. Merejo). Thomson Reuters would have done so, but before they could respond to this outreach, Plaintiffs filed the Motion the very next day. Since the filing of the Motion, Thomson Reuters has proposed dates to hold the ESI conference. S*ee generally* Ex. C. Atlas committed to proposing dates by September 3, 2026, but has not responded as of the filing of this Opposition.

Because Thomson Reuters has not violated any Rule or the Order, and because—assuming Plaintiffs provide their availability—the ESI conference will be held prior to the Motion's motion day, the Motion as against Thomson Reuters should be dismissed in its entirety.

## CONCLUSION

Thus, Thomson Reuters respectfully requests that this Court deny the Motion as to Thomson Reuters.

Respectfully,

*/s/ Marcel Pratt*
Marcel Pratt