Ballard Spahr LLP

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

Marcel Pratt
Tel: 215.864.8506
Fax: 215.864.8999
prattm@ballardspahr.com

November 15, 2026

By Electronic Filing

Honorable Harvey Bartle III, U.S.D.J.
United States District Court for the
Eastern District of Pennsylvania
16614 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

Re: *Atlas Data Privacy Corp., et. al. v. Thomson Reuters Corp., et. al.*, 1:24-CV-4269

Dear Judge Bartle:

This firm represents Defendants Thomson Reuters Enterprise Centre GmbH and West Publishing Corporation ("Thomson Reuters") in the above-referenced matter. We write in response to Plaintiffs' November 10, 2025 letter requesting that this Court either direct the defendants to comply with this Court's orders regarding discovery or schedule a conference (the "Letter").[1] *See* ECF 123 in 1:24-cv-04037. Thomson Reuters requests that the Court decline to grant Plaintiffs' requested relief, and instead require Plaintiffs to meet and confer with Thomson Reuters as explicitly directed in this Court's September 9, 2026 Order (the "Discovery Order," ECF 153) before seeking Court intervention.

The Letter is premature and its requested relief would waste Court resources. The Discovery Order explicitly requires the parties to meet and confer regarding any discovery deficiencies prior to seeking Court intervention. *See* ECF 153 ("The parties thereafter shall meet and confer with respect to any objections or inadequate responses to the interrogatories or requests for production"). Plaintiffs have not complied with the Discovery Order by extending the courtesy of conferring with Thomson Reuters. Had Plaintiffs raised their alleged deficiencies to Thomson Reuters directly, Thomson Reuters would have informed them that it intends to send a deficiency letter in the coming days concerning Plaintiffs' written discovery responses. Then, as is common practice and as was directed by the Court, the parties

[1] Thomson Reuters learned of the Letter through happenstance, as it was not filed on this docket. However, as the Letter makes reference to Thomson Reuters and this case, they feel obliged to nonetheless respond.

would have had an opportunity to meet in an attempt to resolve both the deficiencies in Plaintiffs' discovery responses and the deficiencies Plaintiffs allege in advance of the December 3 deadline to file motions to compel.

As to the substance of the deficiencies Plaintiffs allege in the Letter, they are either inapplicable to Thomson Reuters or without merit:

As to Plaintiffs' grievance that some defendants had not served discovery responses, that is not applicable to Thomson Reuters. Thomson Reuters served discovery responses on November 3, 2026, as required by the Discovery Order.

As to Plaintiffs' grievance with defendants' numerosity objections to their written discovery requests, Thomson Reuters did not withhold any documents or information on that basis alone. Nonetheless, Thomson Reuters maintains its objections that Plaintiffs' written discovery requests far exceed the limits set forth in the Discovery Order.

As to Plaintiffs' grievance that some defendants improperly relied on Federal Rule of Civil Procedure 33(d) by referring to documents that will be produced in future document productions without identifying them by Bates label, this objection is patently premature. Once Thomson Reuters' document production is substantially complete, they will identify responsive documents by Bates number. Moreover, it is noteworthy that *Plaintiffs' responses suffer this same purported deficiency*. For example, Plaintiff Jane Doe-2's responses to defendants' set of coordinated interrogatories refer to documents that will be produced in response to document requests without identifying them by Bates label in response to five different interrogatories.[2]

As to Plaintiffs' grievance that certain defendants have not yet produced documents due to the absence of an agreed-upon electronic discovery protocol ("ESI protocol"), to proceed otherwise would be inefficient. Both the ESI protocol proposed by Plaintiffs (attached as Exhibit A hereto) and the ESI protocol proposed by Thomson Reuters (attached as Exhibit B hereto) set forth specifications under which the parties will produce responsive documents. Making a production prior to agreement on these specifications risks inefficiencies, such as making a document production and then needing to subsequently re-produce the same documents under different specifications.

As acknowledged in the Letter, Thomson Reuters proposed an ESI protocol based on this District's exemplar in advance of the deadline for the parties to exchange written discovery. Letter 6 ("On October 28, 2026, counsel for Thomson Reuters Corporation . . . . proposed a version of this District's exemplar ESI protocol.") While Plaintiffs confirmed receipt, they never responded to this proposed ESI protocol. *See* Ex. C (Oct. 29, 2026 Email from R. Parikh). Plaintiffs now complain that they "face the prospect of negotiating competing

---

[2] Plaintiffs designated their discovery responses as "Confidential", so Thomson Reuters does not attach the referenced interrogatory responses here. Thomson Reuters will take the necessary steps to provide them to the Court if requested.

protocols defendant by defendant, further delaying production." Letter 6. This is not a legitimate gripe. Thomson Reuters is entitled to defend its own case. As Plaintiffs themselves have pointed out, while coordinated, each of these Daniel's Law cases are unique. ECF 150-2 at 19:23-20:1 (counsel for Plaintiffs noting that "it's the very reason that we have separate protective orders in every single case and restrictions on defendants' information being shared from one side to the other because the cases are, to some extent, unique.") Thomson Reuters should not be tied to the negotiations of other counsel that concern other defendants, other electronic systems, and other factual allegations.

Moreover, Plaintiffs' implication that waiting for an agreed-upon ESI protocol to produce documents results in undue delay is without merit. The Discovery Order does not set forth a deadline for the first production of documents or substantial completion of document production. *See* ECF 153. And, in opposition to Defendants' motion to stay discovery, *Plaintiffs* explicitly told the Third Circuit "no documents need to be produced . . . until 2027." ECF 123-1 at 12, in 25-1555 (3d. Circ.).

Regardless, Thomson Reuters is ready to make their first production of documents as soon as they have reached agreement as to an ESI protocol with Plaintiffs. Upon such an agreement, Thomson Reuters could make a document production promptly.

Thus, because the Letter is premature and robs the parties of an opportunity to meet and confer as to deficiencies alleged in each of their respective discovery responses, the Court should not grant Plaintiffs' requested relief. Instead, Thomson Reuters requests that this Court order Plaintiffs to meet and confer, as the Discovery Order mandates. ECF 153.

Thank you for your consideration.

Respectfully,

*/s/ Marcel S. Pratt*
Marcel S. Pratt

cc: All counsel of record (via ECF)